No. 9298.

CARPENTER v. THE STATE.

JUDICIAL CIRCUITS.—*Legislature may Create and Limit.—Fortieth Circuit.*—The Legislature has the power to create and limit the duration of judicial circuits. The Fortieth Judicial Circuit, consisting of the counties of Steuben and DeKalb, was created by the act of March 21st, 1879, and expired by limitation of the same act, on the 1st day of October, 1880; and all criminal proceedings of the Steuben Circuit Court thereafter, as part of the Fortieth Judicial Circuit, were void.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. G. Croxton*, for appellant.

*D. P. Baldwin*, Attorney General, *G. B. Adams* and *W. W. Thornton*, for the State.

ELLIOTT, J.—At the February term, 1881, of the Steuben Circuit Court, the appellant was tried and convicted upon an indictment charging him with a misdemeanor.

The question which this appeal brings before us is whether the judge who presided at the trial had any authority to try the case. If there was such a judicial circuit as the Fortieth, and if Steuben county formed part of it, then the judge who sat at the trial had ample authority to pronounce the judgment appealed from. If there was no such circuit, or if Steuben county belonged to another judicial circuit, then all the proceedings upon the trial were void.

The Legislature may, at their discretion, change judicial circuits by adding to or taking from, and from old circuits may create entirely new ones. *Stocking* v. *The State*, 7 Ind. 326. It was, after very full and careful consideration, decided in *Clare* v. *The State*, 68 Ind. 17, that the act of March 21st, 1879, did create the Fortieth Judicial Circuit. We may, therefore, consider as at rest the two questions as to the power to create, and the fact of the creation of, the Fortieth Judicial Circuit.

The contention of appellant is, that the Legislature established the Fortieth Judicial Circuit for a limited period, and that the limitation expired in October, 1880. The 1st section of the act of March 21st, 1879, omitting the enacting clause, is as follows: "That section seventy-four of the above recited act, approved March 6th, 1873, be and the same is hereby amended to read as follows, to wit: The counties of Steuben and DeKalb shall constitute the Fortieth Judicial Circuit of the State of Indiana." The 9th section of the act contains the following proviso: "Provided, however, That the circuit thus formed shall only continue until the first day of October, 1880, when said counties of DeKalb and Steuben shall then become and form a part of the 35th Judicial Circuit of the State of Indiana, and the courts therein shall thereafter be held as they are now required by law to be held." The language of this proviso is unusually clear and unambiguous. There is not only the express provision that the Fortieth Circuit shall *only* continue until the 1st day of

October, 1880, but there is the further provision that thereafter the "said counties of Steuben and DeKalb shall become and form a part of the 35th Judicial Circuit." There is no need of interpretation, and an attempt at construction would be unjustifiable, because a flagrant violation of settled law.

There can be no question as to the meaning of the Legislature, and the power to create and change judicial circuits has been too long established to admit of fair debate. The Legislature exercised its power by establishing a new circuit for a limited time, and we have no authority to extend the time prescribed by the Legislature.

If it were conceded that the Legislature had no power to limit the existence of the Fortieth Judicial Circuit, then it would follow that there never was any such circuit. The Legislature did not profess to do more than establish a circuit to continue until October, 1880, and if they had no power to thus limit its existence, the attempt to create a circuit was altogether nugatory. We think, however, that *Clare* v. *The State, supra*, settles not only that the Legislature did create the Fortieth Circuit, and that it had power to create it, but settles, also, the question as to the validity of the proviso incorporated in the 9th section. HOWK, C. J., speaking for the court, said: "This proviso is not in conflict with any constitutional provision of which we have any knowledge. The formation or creation of judicial circuits by legislation, and the repeal of such legislation or its amendment, are matters wholly within the discretion and power of the General Assembly. Of course, the Legislature can not, by any legislation, abridge the constitutional term of office of an elected circuit judge; but if, at the time when by law a judge would have to be elected for a given circuit, such circuit has by law ceased to exist, it would seem to be clear that no judge could lawfully be elected for such circuit. That is what the Legislature sought to accomplish by the

proviso in question, and we think it was not in conflict with the constitution, nor does it impair, in any manner, the validity of the aforesaid act of March 21st, 1879."

There was no such judicial circuit as the fortieth when this case was tried; its existence had terminated on the 1st day of October, 1880; and all proceedings connected with the trial were utterly void.

Judgment reversed.