The State, *ex rel.* Adams, *v.* Peterson.

---

No. 9472.

THE STATE, EX REL. ADAMS, *v.* PETERSON.

PROSECUTING ATTORNEY.—*Thirty-fifth and Fortieth Judicial Circuits.— Statute Construed.—Waiver.*—Noble, DeKalb and Steuben counties composed the Thirty-fifth Judicial Circuit prior to March 21st, 1879, the judge and prosecutor both residing in Noble. In 1878 the relator, a resident of Steuben, was elected prosecuting attorney of said circuit, for the two years commencing October 28th, 1879. By the act of March 21st, 1879, it was provided that, on and after its passage, Steuben and DeKalb should constitute the Fortieth Judicial Circuit until October 1st, 1880, when they were again to become a part of the Thirty-fifth Circuit, and that the prosecutor-elect of the Thirty-fifth Circuit should be the prosecutor of the Fortieth on and after his term commenced. Under said act, the relator was appointed prosecutor of the Fortieth Circuit, and served in that capacity till October 28th, 1879, when he qualified under his election, and continued to serve and designate himself as prosecutor of the Fortieth Circuit till October 1st, 1880, and after that date so styled and signed himself, and received his compensation. At the October election, 1880, the defendant was elected prosecutor of the Thirty-fifth Circuit, but received no commission till February, 1881, when he qualified and entered upon the duties of his office.

*Held,* that said act created a new circuit, in which the office of prosecutor was vacant, which the Governor had a right to fill.

The State, *ex rel.* Adams, *v.* Peterson.

*Held,* also, that, by force of said statute, the relator, on qualifying under his election, became the prosecutor of the Fortieth Circuit so long as it lasted, and thereafter of the Thirty-fifth Circuit until October 28th, 1881, when the defendant's term will commence.

*Held,* also, that the fact that the relator wrongly claimed to be, and designated himself as, the prosecutor of the Fortieth Circuit, after it ceased to exist, constituted no waiver of his title by election and statute to the office of prosecutor of the Thirty-fifth Circuit.

INFORMATION.—*Prosecuting Attorney His Own Relator.*—The prosecuting attorney may prosecute an action upon his own relation against a person who unlawfully intrudes into the office of prosecuting attorney.

From the DeKalb Circuit Court.

*J. A. Woodhull,* for appellant.

*W. L. Penfield,* for appellee.

WOODS, J.—The question in this case is whether the relator and appellant, George B. Adams, or the appellee, Henry C. Peterson, is the prosecuting attorney of the Thirty-fifth Judicial Circuit of the State. There is no material dispute in reference to the facts on which the decision must rest. We give a summary of them:

Prior to March 21st, 1879, the Thirty-fifth Judicial Circuit was composed of the counties of Noble, DeKalb and Steuben. John W. Bixler, a resident of Noble county, was at that time the prosecuting attorney of the circuit, entitled by his election and commission to hold the office until October 28th, 1879. At the general election of 1878, the relator, Adams, a resident of Steuben county, was duly elected, and on the 24th day of October, 1878, was duly commissioned, to succeed Bixler in said office, and to hold the same for the period of two years, to wit, from October 28th, 1879, until October 28th, 1881.

By an act of the Legislature, approved March 21st, 1879, the counties of Steuben and DeKalb were declared to constitute the Fortieth Circuit. Among the provisions of that act are the following:

"Sec. 5. The Governor shall appoint a judge and prosecuting attorney for said circuit, who shall receive and be

The State, *ex rel.* Adams, *v.* Peterson.

paid such salaries as are now paid to other judges, and prosecuting attorneys.

"Sec. 6. The prosecuting attorney elect, of the Thirty-fifth Circuit, whose term of office has not yet commenced, and who resides in the county of Steuben, shall be the prosecuting attorney of the Fortieth Judicial Circuit, after he qualifies and his term commences.

"Sec. 7. The prosecuting attorney, appointed by the Governor, shall hold his office until the prosecuting attorney elect qualifies, and his term commences.

"Sec. 9. * * * There is therefore an emergency for the immediate passage of this act, and the same shall be in force from and after its passage : *Provided, however*, That the circuit thus formed shall only continue until the 1st day of October, 1880, when said counties of DeKalb and Steuben shall then become and form a part of the Thirty-fifth Judicial Circuit of the State of Indiana, and the courts therein shall thereafter be held, as they are now required by law, to be held."

By the 2d, 3d and 4th sections the terms of court in said counties were fixed, and so fixed as that the courts of the two circuits were, or were liable to be, in session at the same time.

Upon the passage of this act, the Governor appointed and commissioned said Adams as the prosecuting attorney for said Fortieth Circuit, and he, accepting said commission, qualified and entered upon and continued in the discharge of the duties of said office, until October 28th, 1879, when he qualified under the commission issued to him by virtue of his said election, taking and endorsing the proper oath of office on said commission, and giving bond in the sum of $5,000, to the approval of the judge of the Thirty-fifth Circuit. After thus qualifying, he continued to prosecute the pleas of the State in the counties of Steuben and DeKalb, until October 1st, 1880 ; and, to all indictments and informations, and in all official transactions, requiring his official signature, he continued to sign and to designate himself as

the "Prosecuting Attorney of the Fortieth Circuit," and as such drew and receipted for his salary and the fees appertaining to said office in said circuit; and, on February 3d, 1881, still styling and signing himself as prosecuting attorney of said Fortieth Circuit, and not of the Thirty-fifth, he prosecuted, in the Steuben Circuit Court, the pleas of the State in the case of the State of Indiana against James N. Carpenter. See *Carpenter* v. *The State*, 72 Ind. 331.

The Hon. Hiram S. Tousley, a resident of Noble county, was judge of the Thirty-fifth Circuit, and, after the passage of said act, continued to serve as such judge in said county of Noble, and is still judge of said circuit. Said Bixler held his office of prosecuting attorney, and discharged the duties thereof, in Noble county, until October 28th, 1879, when the Governor appointed David Perew the prosecuting attorney for the Thirty-fifth Circuit, and, a contest having arisen between Bixler and Perew over their respective claims to said office, the same was carried into said court, and there settled by agreement of the parties, in favor of Perew, who thereafter discharged the duties of said office in said county, so long as it remained a separate circuit, and until October 28th, 1880. At the general election in October, 1880, the appellee was elected prosecutor for the Thirty-fifth Circuit, and claimed a commission as such for a term commencing October 28th, 1880, but received no commission until February 10th, 1881, when one was issued to him, under which he qualified and gave bond, and was recognized by the judge of the circuit as the lawful prosecutor, and entered on the duties of the office.

We find no difficulty in deciding this dispute, in accordance with what seems to us to have been the plain legislative intention, as manifested in the act whereby the Fortieth Circuit was created.

In the case of *Carpenter* v. *The State*, *supra*, we have al-

ready held that said circuit ceased to exist on the 1st of October, 1880, as in the act it was declared it should. Upon the creation of that circuit, the existing judge and prosecutor being residents of Noble county, there were vacancies in the offices of both judge and prosecutor in the new circuit, to be filled by appointment. Adams had been elected to succeed Bixler, but it was some months yet before his term should begin. He resided in Steuben county, and, for the evident purpose of saving his right to the office to which he had been elected, the 6th and 7th sections of said act were embodied therein. The Governor appointed Adams to fill the vacancy in the prosecutorship, for the time which must elapse before his term by election could begin; but when that term did begin, and he had qualified under his commission, granted in pursuance of his election, his rights were just the same as if he had not been appointed to fill the preceding vacancy. He then entered, by right of election, upon a full term of two years, running from that date; but, by force of the 6th section quoted, *supra*, he was to be the prosecuting attorney of the Fortieth Judicial Circuit after he had qualified and his term had commenced; and this clearly means that, by virtue of his election and by force of said enactment, he was to be the prosecutor of the new circuit, so long as the same should last, and thereafter of the original Thirty-fifth Circuit, until October 28th, 1881, when his term will expire by limitation, and the term of the appellee will begin. By force of this provision, though elected and commissioned as prosecutor of the Thirty-fifth Circuit, he was in fact and in law the prosecutor of the Fortieth Circuit, and it was proper, that during the existence of that circuit and while doing the duties of his office therein, he should sign and designate himself as the prosecutor thereof, and as such should draw his salary and fees. To say the least, there was no harm in his so designating himself, and the fact that he did so, under

the circumstances, constitutes no evidence of an abandonment of his right to the office by election.

What the legal status of the case in Noble county was while the Fortieth Circuit existed, and what the merits of the respective claims of Bixler and Perew during that time, we need not inquire. The clashing of the terms of court in the two circuits made it impracticable in fact, if it was not impossible in law, that one prosecutor should serve in both the circuits, and doubtless it was on this account that it was provided that, for the time being, Adams should be the prosecutor in the new circuit, wherein he resided. After October 1st, 1880, he was prosecutor of the Thirty-fifth Circuit, and for all of the counties, as much as Judge Tousley was judge thereof ; and the fact that, in February, 1881, in the case of *Carpenter* v. *The State, supra,* he wrongly claimed to be, and signed his name officially as, the prosecutor of the Fortieth Circuit, did not make him any the less the sole lawful prosecutor of the Thirty-fifth Circuit. If, as he seems to have supposed, the Fortieth Circuit had still remained in existence, he would still have been the prosecutor thereof, under the law by which that circuit was created, and, as already said, did and could do no harm by so subscribing himself ; and equally harmless, in respect to his title to the office, is the misdescription of his official title, made, as it was, under a mistake of law. In all these transactions, he has done nothing inconsistent with his strict legal rights and duty, unless it may be in the designation of his office in the respects stated, but these mistakes, if they can be called such, and they were certainly nothing more, in no manner affected injuriously either public or private rights, and should not be deemed to affect his right to the full term of office for which he was elected and commissioned.

The appellee has assigned cross errors and under these insists that the information in the case is insufficient, and that

Adams·can not prosecute the action on his own relation as prosecuting attorney. The code provides as follows:

"Sec. 749. An information may be filed against any person or corporation in the following cases: *First.* When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, ·or any franchise within this State, or any office in any corporation created by the authority of this State.

"Sec. 750. The information may be filed by the prosecuting attorney in the circuit court of the proper county upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court, or other proper authority; or by any other person on his own relation, whenever he claims an interest in the office, franchise or corporation, which is the subject of the information.

"Sec. 751. The information shall consist of a plain statement of the facts which constitute the grounds of the proceedings, addressed to the court."

It is unnecessary to determine whether strictly the relator in this case should have presented the information in his official character, or simply as an individual claiming the office. If the latter was the correct mode, then the words "prosecuting.attorney," etc., in the information, were mere surplusage, and might have been stricken out, but the refusal of the court to strike them out on the appellee's motion constitutes no available error. The information was sufficient in substance. It showed the relator's election and eligibility to the office, his commission to hold the office for two years from October 28th, 1879, that on that day he qualified and gave bond, and that on the 1st day of March, 1881, the appellee unlawfully intruded himself into the office, and at the filing of the information was still usurping and holding the same against the relator and refusing to surrender.

The answer of the appellee to this information contained a statement in greater detail of the facts hereinbefore stated, but nothing inconsistent therewith.

The demurrer of the appellant to this answer should have been sustained.

The judgment is reversed, with costs and with directions to sustain said demurrer.