No. 9704.

HENDRICKS ET AL. *v.* GILCHRIST, TREASURER.

GRAVEL ROAD.—*Assessment.— View of Land.—Statute Construed.*—Under section 3 of the act of 1869, authorizing assessments for gravel road purposes, Acts 1869, Spec. Sess., p. 73, it is the duty of the assessors to make an examination of the lands, upon which it is proposed to lay

the tax, from such points of observation as will enable them to accurately ascertain the location of said lands and in what manner the proposed road will affect each separate tract.

SAME.—*Failure to View or List Land.*—*Injunction.*—The failure to list or to view all the land within the prescribed limits of the proposed gravel road will avoid the assessment; but when it is shown that a small parcel of land, belonging to a township and used for school purposes, was not listed against the township, but was listed in the name of another person, such error is not sufficient to avoid the entire assessment or to authorize an injunction restraining its collection.

SAME.—*Assessors.*—*Presumption.*—*Burden of Proof.*—Where, in an action to enjoin the collection of gravel road assessments, the report of the assessors showed that they had viewed and listed all the lands within the limits of the proposed road, the burden of showing the contrary devolved upon the complainants, the presumption being that such officers had correctly discharged their duties.

INJUNCTION.—Where an ordinary legal remedy is provided which will afford just and adequate relief, the extraordinary remedy of injunction can not be invoked.

From the Johnson Circuit Court.

*T. W. Woollen* and *D. D. Banta,* for appellants.
*G. M. Overstreet* and *A. B. Hunter,* for appellee.

ELLIOTT, J.—Appellants sought an injunction restraining the collection of a tax levied for the benefit of a gravel road. They were defeated below, and ask a reversal upon the ground that their motion for a new trial was erroneously denied.

One of the causes alleged for an injunction is, that the assessors did not view all of the lands lying within one and one-half miles of the line of the proposed road. The statute in force when the tax was assessed provides that the assessors shall view all the lands within one and one-half miles of such road, and make a list of the same. 3 Ind. Stat., p. 538, sec. 3.

The statute does require a view of the lands lying within the limits defined, and we are required to determine what is meant by the term "view," as used in this statute. In the case of *Wakefield* v. *The Boston, etc., R. R.,* 63 Me. 385, the court adopted the definition of the word "view" given

by Webster. We quote from the opinion in that case the following: " 'To view,' says Webster, means 'to look at with attention,' or 'for the purpose of examining,' 'to inspect,' 'to explore.' 'It differs,' says the same author, 'from look, see, or behold, in expressing more particular or continued attention to the thing which is the object of sight.' " In the course of the same opinion, it was declared that, in order to enable the appraisers to form a correct judgment, they should see the premises from such a standpoint as will give them an accurate knowledge of the premises.

We think that our statute requires that the assessors shall make an examination of the lands, upon which it is proposed to lay the tax, from such points of observation as will enable them to accurately ascertain the location of said lands, and in what manner the proposed road will affect each separate tract of land. A minute inspection is not required, but some personal inspection, made from points affording a fair sight of the land and its surroundings, is required.

It has been often decided that a failure to list all the lands subject to taxation avoids the assessment. The rule must be the same in cases where there is a failure to view all such lands within the prescribed limits. The two requirements are so closely blended that it is impossible to sever them without violating settled rules of statutory construction. The purpose of the Legislature in requiring a view is obvious, and a view of all the lands is quite as important, and fully as essential, to a just and equitable assessment, as the listing. The reasons which support the cases holding that all the lands must be listed afford support to the doctrine that all must be viewed.

The assessors reported under oath that they had viewed and listed all the lands lying within the prescribed limits of the line of the proposed highway, and the auditor placed the assessment upon the tax duplicate. The presumption is, that these public officers had done their duty, and the bur-

den of showing the contrary devolved upon the appellants. The case, in the absence of countervailing evidence, was with the appellee. The court found that the assessors had viewed the lands, and we cannot say that there was not evidence sustaining this finding. *Prima facie*, the appellee was entitled to a finding in his favor, upon the introduction of the list and accompanying papers, and the evidence does not overthrow this *prima facie* case. One of the assessors testified, that the assessors were furnished with a map of all the lands affected by the proposed tax; that he could not say whether the map with which they were furnished was made out by them or by the attorneys of the gravel road company, but that they made the check marks on it. The manner in which they did the work is thus described, by the witness: "I recollect very well that we would take a section at a time, and as we would go along we would make the assessment and check off. I did the checking and Mr. Parr put down the assessments against the persons owning the lands. I made a *v* mark with a pencil. We would check and get the appraisement down and pass on to the next piece. I can't say whether we checked all the lands that were assessed or listed on the map. I see from the map a few pieces that I can't discover any check on, and whether we omitted them or not, I can't state." In other parts of this witness' testimony, it appeared that he did not recollect whether they (the assessors) had, or had not, omitted to view certain parcels of land described to him by counsel. We do not think that this testimony warrants us in disturbing the finding of the trial court. The utmost that can be said is, that the witness did not recollect just what had been done by him and his associate assessors. The assessment was made eight years, or more, before the trial, and the mere fact that he could not recollect ought not to be allowed to prevail against the verified report of persons charged with a public duty of an official character. Especi-

ally ought this be so, where it fairly appears, as it does in this case, that the map contained all the lands affected, and that with this before them the assessors entered upon the performance of a sworn duty to view all the lands within the limits defined by law.

It is insisted that a parcel of land was omitted from the list. It appears that a small parcel of land, used for school purposes, was not listed against the township, but was included in a larger tract of land listed in the name of another person. We are not willing to hold that such an error would vitiate the entire assessment. It might be cause of complaint on the part of the person against whom it was listed, and be good ground for relief upon appeal. If this were so, it would not entitle tax-payers to have the entire assessment declared void. Unless the proceedings were void, the remedy must be by appeal, and not by injunction. Where there is an express right of appeal, an injunction will not lie, unless the proceeding assailed is utterly void. In cases where an ordinary legal remedy is provided, which will afford just and adequate relief, the extraordinary remedy of injunction can not be invoked. No tax-payer is affected by such an error as that under mention, except the one who is listed with too much land, for the burden of no other is increased. Such a mistake does not add to the burden upon any other person, or upon any other property.

The deed given in evidence shows a grant of the one-half of an acre of land to Franklin township, Johnson county, and the parol evidence shows that this was the school lot said to have been omitted from the assessment list. It may well be doubted whether the statute intends that lands held by townships for school purposes shall be assessed for the construction of gravel roads. We, however, decide nothing upon this point.

The allegation of the complaint is, that "about one acre, lying in the west half of the west half of the south-east

quarter of section nine," was omitted from the list. This allegation is entirely unsupported. The piece of land omitted, granting that a parcel was omitted, is shown to be a different one from that described in the complaint. The land described in the complaint is in section nine; that described in the evidence is in section seven. The *allegata* and the *probata* must agree, or the case fails. No error appears, warranting a reversal.

Judgment affirmed.