Filed Dec. 19, 1889.

---

## No. 15,155.

## SMITH *v.* GOODKNIGHT ET AL.

INJUNCTION.—*Free Gravel Roads.—Appropriation of Material for.—Assessment of Damages.*—Injunctive relief will not be granted to an owner of gravel to prevent its appropriation under the free gravel road act, on the ground that the gravel in controversy was designed to be used in the construction of a gravel road located but not contracted for, being a different gravel road from the one for which the appropriation was about to be made, and that no other gravel was as convenient for use in the construction of the proposed road, and that irreparable damage would result to the plaintiff and general public if the appropriation should be made. These matters might be proper to be inquired into on the assessment of damages, as provided for in said act, but do not afford any basis for an injunction.

SAME.—*When will not Lie.—Adequate Remedy at Law.*—Where a party has a just and adequate remedy at law the extraordinary remedy of injunction will not lie. In the present instance adequate relief is afforded under section 896, R. S. 1881, providing for the assessment of damages where an appropriation is made. No limitation is put upon the questions to be tried in such a proceeding, and an appeal may be taken to the circuit court.

From the Tipton Circuit Court.

*R. B. Beauchamp, W. W. Mount, G. H. Gifford* and *J. M. Fippen,* for appellant.

*J. N. Waugh, J. P. Kemp, J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellees.

Olds, J.—The appellant filed his complaint in the Tipton Circuit Court against the appellees, Isaac N. Goodknight, Jefferson Kemp, Silas I. Davis and Don Hinkle, for injunction. The complaint is in two paragraphs, the averments of which are substantially the same.

Appellees demurred separately to each paragraph of the complaint for the cause that neither of said paragraphs stated facts sufficient to constitute a cause of action.

The court sustained the demurrer to each paragraph, to which ruling appellant at the time excepted, and assigns such ruling as error.

The facts alleged in the complaint are substantially as follows: That on the 11th day of March, 1888, the board of commissioners of the county of Tipton ordered the construction of a gravel road in the county of Tipton, known as the Tipton, Normanda and Kempton free gravel road, describing the location and route of the road. It is then averred that afterwards, on the 12th day of March, 1889, said road was contracted to appellees, Isaac N. Goodknight and Jefferson Kemp, for construction; that said defendants Goodknight and Kemp, by their contract, were to do all the work and furnish all the material for the gravelling of said road; that the plaintiff is informed and believes that said contractors have sublet a part of the contract to the defendants Davis and Hinkle. It is further averred that on the 11th day of March, 1889, the board of commissioners ordered and adjudged that gravel road number 20 be located on the following route, describing it; that said last-mentioned road has not been contracted, but that all preliminary steps have been taken for the same; that said road is to be constructed whenever the bonds for the building of said road can be legally

sold, and many other steps taken as required by law, and the cost of said improvement has been estimated; that plaintiff has several hundred acres of lands which are affected by said highway, and will be taxed for its construction; that he has, as he believes, gravel and materials situated on his land, which land is described as follows, setting out a description; that said gravel is such as was contemplated and specified in the orders of the court for the construction of said road No. 20; that said gravel and material is the most convenient, and of the best quality, that can be reached for the construction of a large portion of said gravel road No. 20; that the estimate for the construction of said last-mentioned gravel road was made upon the basis and with the view of said road, or a large amount of it, being constructed and built out of said gravel; that he believes said road can not be constructed for the estimated cost thereof if said gravel is used for the construction of the first-mentioned road; that said gravel is a necessity, as plaintiff believes, for the building of said gravel road No. 20.

It is further averred, that the contractors on the Tipton, Normanda and Kempton gravel road are proceeding to survey, and are now surveying said land preparatory to condemning said land, or gravel thereon, for the use and construction of said gravel road; that plaintiff is informed, and believes, that if said parties are not restrained they will condemn said gravel and use the same in the construction of said road, thereby defeating gravel road No. 20, for the reason that there is no other material within reach of said gravel road No. 20 that can be placed on said road at the estimated cost thereof, which can be used in lieu of the gravel in controversy; that plaintiff is a large taxpayer on said gravel road No. 20; that said road is a public improvement of great importance, leading through one of the best districts of the county; that the defeating of said road, or compelling its construction out of more expensive materials than the gravel herein mentioned, would be an irreparable damage to the plaintiff, and

the public in general; that the defendants can procure the gravel to construct their said road without injury or damage to the parties taxed to construct road No. 20.

Prayer for injunction, etc.

Section 13 of the free gravel road act, section 1484, Elliott's Supp. 1889, provides for the taking of materials by the contractor for the construction of the road, and prescribes a mode for the assessment of damages to the owner of the land or materials taken, and provides for an appeal to the circuit court by the person aggrieved. No limitation is put upon the questions to be tried in such proceedings.

In the statute providing for the assessment of damages, section 896, R. S. 1881, it is provided that "Any defendant may appear and traverse any material fact therein stated in the inquest, or he may plead or show any valid matter in bar of the right of the plaintiff to have the benefit of such writ; and issues of law and of fact may be made up and tried," etc.

Section 905, R. S. 1881, provides that " When any person, corporation, or company design to construct a canal, or railroad, or turnpike, graded, macadamized, or plank road, or bridge, or establish a ferry, as a work of public utility, although for private profit, being authorized by law to take real property therefor, such person, corporation, or company may have a writ of assessment of damages." By the free gravel road act the contractor is authorized by law to take real property for the construction of a graded and gravel road of public utility, and is granted the right of a writ for the assessment of damages, and no limit is provided as to the questions to be tried. These various statutes constitute one general system of legal procedure, and must be construed together, and when so construed give to the landowner a just and adequate remedy at law. See Swinney v. Fort Wayne, etc., R. R. Co., 59 Ind. 205, and authorities cited in that opinion.

It has been repeatedly held by this court, and is the settled law of this State, that where a party has a just and adequate

remedy at law, the extraordinary remedy of injunction will not lie. *Hendricks* v. *Gilchrist,* 76 Ind. 369; *Ricketts* v. *Spraker,* 77 Ind. 371; *Caskey* v. *City of Greensburgh,* 78 Ind. 233.

The complaint in this case does not state any grounds for the relief asked; it does not show that the gravel sought to be appropriated is not subject to such appropriation; true, it alleges that the second gravel road was located, and cost of construction estimated with a view of constructing it with the gravel in controversy, and no other gravel is as convenient for use in the construction of it as the gravel on the lands of the plaintiff, and that to defeat the construction of the road, or to require its construction with more costly material, would be an irreparable damage to the plaintiff and the general public, but these facts are not such as to entitle the party to injunctive relief. If the gravel is subject to be taken by the contractors the question of the amount of gravel in that locality, or the scarcity of it, and the use about to be made of it, might be a matter which would affect its value, and bear upon the question of damages to be assessed.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed Dec. 19, 1889.