The Carmel Natural Gas and Improvement Company *v.* Small *et al.*

THE CARMEL NATURAL GAS AND IMPROVEMENT COMPANY *v.* SMALL ET AL.

[No. 18,106. Filed May 14, 1897. Rehearing denied May 17, 1898.]

INJUNCTION.—*Quo Warranto.*—*Officers.*—Information in the nature of a *quo warranto* is the proper remedy to determine the right to an office, and injunction proceedings, brought by one set of directors of a corporation, to restrain another set from interfering with them in their business will not be sustained, where the sole question to be determined by the suit is the legality of the election of the directors assuming to act for the corporation. *pp. 429, 430.*

SAME.—*Legal Remedy.*—Injunction will not lie where the remedy at law is sufficient and adequate. *p. 430.*

SAME.—*Complaint.*—*Must Be Good on the Theory on which It Proceeds.*—Where a complaint for an injunction does not state facts sufficient, as a complaint for an injunction, to constitute a cause of action, it will be held bad on demurrer, even though it states facts enough to be good on some other theory. *p. 431.*

APPEAL AND ERROR.—*Intervening Errors.*—Where plaintiff appeals, and it is shown by the record that he has no cause of action against

The Carmel Natural Gas and Improvement Company *v.* Small *et al.*

the defendant, intervening errors must be considered as harmless, and the judgment affirmed. *pp. 431, 432.*

APPEAL AND ERROR.—*Review.*—The Supreme Court will not review or adjudicate questions unnecessary to the decision of the case. *p. 433.*

SAME.—*Complaint.*—*Theory.*—The entire record and briefs of counsel on both sides may be considered on appeal for the purpose of ascertaining the theory of the complaint. *pp. 434, 435.*

EVIDENCE.—*Burden of Proof.*—Where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative. *p. 440.*

From the Hamilton Circuit Court.    *Affirmed.*

*Frank E. Gavin, Charles F. Coffin, Theo. P. Davis, L. J. Patty, S. D. Stuart* and *Robert Graham,* for appellant.

*Roberts & Vestal* and *Fertig & Alexander,* for appellees.

McCABE, J.—The appellant sued the appellees to enjoin them from interfering with the plaintiff's business, or collecting any of its moneys. The appellees answered, leading to issues of fact, a trial of which resulted in a general finding by the court for the defendants, upon which the court rendered judgment that the plaintiff take nothing by its complaint. The court overruled appellant's motion for a new trial, having previously overruled the plaintiff's demurrer for want of sufficient facts to the second and third paragraphs of the defendant's answer. These rulings are assigned for error. The plaintiff alleges that it is a corporation, duly organized under the laws of the State of Indiana, resident in the county of Hamilton, having a regularly chosen and elected board of directors, of which John A. Thomas is president, and Addison Newlin is secretary and treasurer, and is engaged in the business, in its corporate name of The Carmel Natural Gas and Improvement Company, of drilling wells for and supplying gas to the citizens of

The Carmel Natural Gas and Improvement Company *v.* Small *et al.*

Carmel and vicinity, in said county. The balance of the complaint and the two affirmative answers show that the stockholders of the corporation have become divided into two factions, both factions having held at the same time rival meetings of stockholders, each meeting having elected directors for the corporation, each of which sets of directors elected different presidents, secretaries, and treasurers for said corporation. A number of very interesting questions are involved, to a discussion of which the elaborate and able briefs on both sides have been devoted. If these questions are decided one way, or even one of them, then the election of directors by the stockholders adhering to the defendants, was illegal and invalid, calling for a finding and a proper judgment against such defendants, otherwise the said election was legal and valid, calling for a finding and a proper judgment in favor of said defendants. In short, the whole record, evidence, and briefs of counsel on both sides show that the sole controverted question to be determined by the suit was and is the legality and validity of the election of directors for said corporation by that part of the stockholders adhering to the appellees, which directors are assuming to act as the lawfully elected directors of said corporation. Both the statute and the common law provided an ample remedy in such a case. Sections 1145-1160, Burns' R. S. 1894; 3 Blackstone Com. 262. The statute provides that: "An information may be filed against any person or corporation in the following cases: First when any person shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this state, or any office in any corporation created by authority of this state." Section 1145, *supra.* Under this provision it has been held by this court that information in the nature of a *quo warranto* is a proper

remedy to determine the right to an office. *Yonkey* v. *State, ex rel.,* 27 Ind. 236; *State, ex rel.,* v. *Adams,* 65 Ind. 393; *State, ex rel.,* v. *Peterson,* 74 Ind. 174; *State, ex rel.,* v. *Gallagher,* 81 Ind. 558. An information is the proper remedy to try the title to an office, and to oust an intruder therefrom. *Griebel* v. *State, ex rel.,* 111 Ind. 369. In a proceeding by information the defendant may set up and show that he was legally elected to the office in dispute. *State, ex rel.,* v. *Shay,* 101 Ind. 36. Information is the proper proceeding to remove officers of a corporation illegally elected. *Smith* v. *Bank of the State,* 18 Ind. 327. Or if the complaint in the case be construed as a complaint against the defendants for wrongfully assuming to act as a corporation when they are not, information is the proper remedy. *State, ex rel.,* v. *Beck,* 81 Ind. 500; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *State, ex rel.,* v. *Town of Tipton,* 109 Ind. 73; *Smith* v. *State, ex rel.,* 140 Ind. 343. The legality of a corporation cannot be collaterally questioned, but must be tested by an information. *North* v. *State, ex rel.,* 107 Ind. 356. It has been directly held that an injunction will not lie in just such a case as this. *Hagner* v. *Heyberger,* 7 Watts & Serg. (Pa.) 104, 42 Am. Dec. 220. See, also, *Miller* v. *Ewer,* 27 Me. 509, 46 Am. Dec. 619. Where the plaintiff has, as here, an adequate legal remedy, injunction will not lie. *Hendricks* v. *Gilchrist,* 76 Ind. 369; *Caskey* v. *City of Greensburgh,* 78 Ind. 233; *Sims* v. *City of Frankfort,* 79 Ind. 466; *Smith* v. *Goodknight,* 121 Ind. 312; *Martin* v. *Murphy,* 129 Ind. 464. If the remedy at law is sufficient and adequate, equity cannot give relief by way of injunction. But the legal remedy must be as practical and efficient to the ends of justice as the remedy in equity, in order to prevent the granting of an injunction. *Thatcher* v. *Hum-*

*ble,* 67 Ind. 444; *Bishop* v. *Moorman,* 98 Ind. 1.     The legal remedy here, however, is more adequate, and more efficient than that in equity by way of injunction.     *Hagner* v. *Heyberger, supra.*     The complaint, as a complaint for an injunction, did not state facts sufficient to constitute a cause of action.     That was the theory on which it proceeded.     It is settled law that a complaint must be good on the theory on which it proceeds or it will not be good at all, even though it state facts enough to be good on some other theory.     *Copeland, Exr.,* v. *Summers,* 138 Ind. 226; *Platter* v. *City of Seymour,* 86 Ind. 323; *Mescall* v. *Tully,* 91 Ind. 96.     It follows from what we have said, that the demurrer to the answers ought to have been carried back, and sustained to the complaint, and hence, that there was no available error in finding for the defendants and in overruling the plaintiff's motion for a new trial.     Because appellant was not entitled to an injunction, and that is all it was seeking.     Therefore the judgment is affirmed.

On Petition for Rehearing.

McCabe, J.—We are wholly unable to see any force in the criticisms of the original opinion by the learned counsel for appellants on the ground of our refusal to go on and decide the questions arising after the complaint.     We refused to consider the error assigned on the action of the trial court in overruling the demurrer to answers and in overruling the motion for a new trial, because we concluded that the complaint did not state a cause of action, holding that such demurrer ought to have been carried back and sustained to the complaint, and for that reason, regardless of the alleged intermediate errors mentioned, we affirmed the judgment in favor of the defendants.     We did so because the law compelled us to do so, though if we

had been at liberty to dodge, evade, and bend the law, as the learned counsel seem to think we were and still are at liberty to do, we know of no members of the bar of this court whose affable and clever manners would more incline us to accommodate them than these same gentlemen. But we were placed in the same situation that an eminent judge of a high court recently said he desired to be placed in every case that came before him, namely: That the law would clearly compel him to decide the case one way or the other, so that when his conclusion was reached he could feel that it was a legally compulsory one.

In *Ice* v. *Ball*, 102 Ind., at pp. 46-47, this court said: "We are of opinion that the demurrer to the third paragraph of the answer ought to have been carried back by the court and sustained to the appellant's complaint, for we are sure that this complaint did not state a cause of action against the appellees, or either of them. * * * This conclusion renders it unnecessary for us to consider any of the other errors of which complaint is made by the appellant. Where, as here, the plaintiff appeals, and it is shown by the record that he has no cause of action against the defendants, intervening errors, if any, must be regarded as harmless, and the judgment must be affirmed. *Fell* v. *Muller*, 78 Ind. 507; *Rawson* v. *Pratt*, 91 Ind. 9; *Clawson* v. *Chicago, etc., R. W. Co. supra* [95 Ind. 152]."

The language of these decisions of this court is imperative, commanding that the judgment in favor of the defendant must be affirmed, if the complaint was not good, no matter how much error was committed in holding the answers good, and in overruling the motion for a new trial. Of course, the learned counsel did not cite, refer to, or mention these decisions in their brief for a rehearing.

Our Appellate Court, with which at least some of

The Carmel Natural Gas and Improvement Company v. Small *et al.*

the appellant's learned counsel now urging a rehearing here are not strangers, has said: "When an insufficient complaint is assailed by demurrer, for want of facts, and the demurrer is overruled, such ruling is to the prejudice of the demurring party.   If the cause thereafter proceed to trial, and the defendant have judgment from which the plaintiff appeals, the general rule is that an appellate court will treat all errors subsequent to the ruling on demurrer as wholly immaterial and affirm the judgment."

That labor, learning, and valuable time, "were applied to the consideration of the questions presented and argued by counsel" on both sides without securing a decision thereof, is not the fault of this court, since those questions were wholly immaterial, and the rulings as to the answers and evidence, even if erroneous, were therefore harmless.   The law cannot be changed by attempting to load the blame for the shortcomings of counsel on the court.   But it is a terror to the upright judge even to be charged with deciding wrong.   Such a charge induces him to demonstrate whether the charge is just.   We do not complain that counsel thus compel us to demonstrate the correctness of our decision, but we have a right to expect counsel to apply the same rule to themselves, and they would thereby demonstrate that they were wrong, and thus save this court much useless labor on petitions for rehearing.

The rule laid down in 2 Ency. Pl. and Pr., p. 371, is stated thus: "Nor will the appellate court review or adjudicate questions unnecessary to the decision of the case.   A decision on such points is mere *obiter dicta*, not binding on the trial court when the case is sent back for a new trial on reversal, nor upon the appellate court upon a second appeal of the same

case." A large list of cases is cited from the courts of last resort of many states in support of this quotation. Every interst of organized society forbids that the rule should be otherwise. The exposition of the law by the court of last resort, to be binding on those not parties to the litigation, arises out of the law of necessity. The necessity for such exposition cannot exist except there be a real and actual and *bona fide* dispute between two opposing parties, and that dispute lodged in court in the shape of a lawsuit, and from the judgment on the trial thereof there is an appeal to such court of last resort. Whatever is necessary for such court to adjudicate within the bounds of the issues, duly presented, in order to decide the case, ought to be in justice and law binding, not only on the parties to the litigation, but also on all the people of the State, as law. But whenever the appellate tribunal undertakes to adjudicate questions not necessary to the decision of the case, the law stops where necessity stops, because the court has no right to conclude strangers to the litigation, even in declaring what the law is, where there is no necessity for it. Therefore, if the complaint was bad, it would be little less than criminal folly for this court to go on laying down rules of law as to the sufficiency of the facts stated in the answers, and the sufficiency of the evidence to warrant the finding. We affirm the judgment, not because the litigation as to the sufficiency of the answers and the evidence was right, but because we hold that the court had no right to adjudicate those matters. We affirm the judgment solely because the complaint, being bad, the plaintiff was entitled to no judgment.

Nor is there any force, and far less justice, in the criticisms of the opinion by said counsel, on the ground that we, "in determining the sufficiency of the com-

plaint," took "into consideration the averments of the answers and the facts disclosed by the evidence." After stating the substance of the complaint, in the original opinion, we did say: "In short, the whole record, evidence and briefs of counsel on both sides show, that the sole controverted question to be determined by the suit is, the legality and validity of the election of directors for said corporation by that part of the stockholders adhering to the appellees, which directors are assuming to act as the lawfully elected directors of said corporation.  *  *  *  The complaint, as a complaint for an injunction, did not state facts sufficient to constitute a cause of action.  That was the theory on which it proceeds.  It is settled law that a complaint must be good on the theory on which it proceeds or it will not be good on some other theory." And that is all we said in that direction.  We had supposed that resort to such matters was proper in arriving at the true theory of the complaint, and that was our sole purpose in such reference.  And it is settled law in this State that such matters may be referred to in arriving at the true theory of the complaint.  *Shew* v. *Hews*, 126 Ind. 476; *Hancock* v. *Fleming*, 85 Ind. 574; *Anderson, etc., Association* v. *Thompson*, 88 Ind. 414; *First Nat'l Bank, etc.,* v. *Root*, 107 Ind. 228; *Terre Haute, etc., R. R. Co.* v. *McCorkle*, 140 Ind. 613, 625.

The brief to which we have referred above, says: "The complaint is by the Carmel Natural Gas Company, the corporation itself, and is directed against Levi Small and a pretended Carmel Gas Company, of which Sylvanus Carey is president.  *  *  *  That plaintiff is a duly organized corporation, having a regularly chosen and elected board of directors, of whom John A. Thomas is president, and Addison Newlin is secretary and treasurer, and that it is engaged in

supplying natural gas. That said board of directors were duly elected at the regular annual meeting of the stockholders of said company on the 20th day of December, 1895. Facts are set out also, showing that a former board entered into a fraudulent scheme for wrongfully and unlawfully issuing certain stock, which was at the annual meeting of the stockholders, 'repudiated, and said shares were not voted in electing the board of directors of said plaintiff.' That after the annual 'meeting and the election of the board of directors had been held, and said meeting adjourned' certain stockholders met and pretended to hold another election by voting said repudiated stock, and to select Sylvanus Carey as president, and Levi Small as secretary, and assume plaintiff's name. That said Small without being legally elected, and without right as aforesaid, is interfering with plaintiff's business and collecting the moneys due it, and has so collected a large sum of money, to wit, $1,000.00, which plaintiff has demanded of him, and which he refuses to pay, and will continue to interfere unless enjoined. Wherefore, plaintiff asks an injunction, and 'further demands judgment against the defendants in the sum of $1,000.00, and other proper relief.' As we have said, to sustain the opinion it must be held that all these averments, disassociated from the answers and the evidence, show no cause of action of any kind against any of the defendants, and that by the pleading no relief is sought save injunction. Most manifestly the learned judge was in error, doubtless by oversight, in his construction of this pleading. It most explicitly, and in the plainest terms demands a money judgment. In additon to that, it most assuredly discloses a right to a money judgment."

This is a tacit admission by appellant's counsel that the complaint does not state a cause of action for an

injunction, because its object was, as held in the original opinion, to controvert the legality of the election of the appellees to the offices of the corporation specified, among which was Levi Small as secretary, who it is alleged had collected $1,000.00 of the moneys of the corporation.

We think, as we did before, that appellant's counsel mistook their remedy, doubtless by oversight, in failing to file an information in the name of the State on the relation of the proper person.    If the validity of the election of these officers cannot be inquired into under the complaint, as appellant's counsel now tacitly admit, how can the right of Mr. Small to collect money of the corporation be questioned by seeking to recover it from him?    If he was not an officer of the corporation, and hence without authority to collect its money, payment to him by its debtors would be no payment, and no collection, unless the corporation saw fit to ratify his act as its authorized officer or agent.    As a condition precedent to the right to recover the money he has collected in the name of the corporation as its officer, the corporation, appellant, must show first, as alleged in the complaint: "That said Small without being legally elected   *   *   *   is   *   *   *   collecting money due it, and has so collected a large sum of money, to wit, the sum of $1,000.00." If the allegation here of the illegality of Small's election, and the invalidity of his title to the office cannot be litigated in this form of action, then the complaint states no cause of action for a money judgment, even for the $1,000.00.   The theory of the complaint as to that $1,000.00 is not that he has failed to pay the money over as an officer of the corporation who had rightfully collected it, but it is that he wrongfully collected it without being legally elected.   The right to recover the money then is made to depend by the

complaint upon the question whether Small was legally elected. The allegation of the complaint on this point is: "That after said meeting and the election of the board of directors had been held, and said meeting had adjourned, certain stockholders met and pretended to elect a certain other board of directors by voting the stock of Follett & Co., which had been repudiated by a majority vote of all the shares of stock of said company as aforesaid. That said pretended board of directors, which is the same organization admitted as a defendant in this suit, pretended to elect one Sylvanus Carey as president of said company, and the defendant Levi J. Small as its secretary, and assumed the same name as the plaintiff's corporation."

This shows clearly enough that Carey, Small, and their associates were assuming and claiming to act as the corporation, and that Small in collecting the money was assuming and claiming to act as secretary, and presumably treasurer of the corporation in collecting the money, and that he was elected to such office by directors of the corporation who were elected by the stockholders thereof. And the only obstacle interposed by the complaint to his collection of the money is that he was not legally elected, admitting that he was elected, but denying the legality thereof, and basing the right to recover the money from him solely on the allegation that he was not legally elected. There is no dispute or controversy about the ownership of the money, both sides conceding that the ownership is in the corporation; the only question being who lawfully represents the corporation. As before remarked, the complaint shows that Carey, Small, and their associates are acting and claiming to act as the corporation. That involves not only the legality of their election, but whether they are a corporation.

This court has held that their right so to act can not be assailed in this way.   In *North* v. *State, ex rel.*, 107 Ind., at p. 358, this court said:   "It abundantly appears from the facts stated in each paragraph of the information, that the appellants and their associates were, and had been for many years prior to the commencement of this suit, a corporation *de facto*, if not *de jure*, acting under a corporate name, in possession of corporate property, performing corporate acts, and possessing and exercising corporate rights and franchises.   In such a case, it is earnestly insisted by appellant's learned counsel that the existence of the corporation, and the rights of the appellants to act as such, can only be called in question, tried and determined in a suit or proceeding instituted on behalf of the State by the proper prosecuting attorney.   Counsel are right, we think, in this position.   *   *   * Whatever else may be said of the facts stated in either paragraph of the information, in the case under consideration, they fail to show any cause or right of action which appellee's relators might or could enforce against the appellants.   It is not enough that the information should state such facts as would have required the appellants, in a suit or proceeding instituted on behalf of the State by the proper prosecuting attorney, to show by what warrant they claimed to exercise the rights, privileges and franchises of a turnpike corporation; for these facts were wholly insufficient to give the relators any cause or right of action against appellants.   Upon the facts stated in each paragraph of the information, we are of opinion that the legal existence of the turnpike company named therein could only be inquired into at the suit of the State, instituted by the proper prosecuting attorney; and that neither the appellees, nor any other private person, can maintain such suit."   To the same effect

The Carmel Natural Gas and Improvement Company *v.* Small *et al.*

are *Hon* v. *State, ex rel.*, 89 Ind. 249; *Williamson* v. *Kokomo Building*, etc., *Assn.*, 89 Ind. 389; *Baker* v. *Neff*, 73 Ind. 68; *White* v. *State*, 69 Ind. 273.

So that it makes no difference whether we attempt to uphold the complaint on the ground that it seeks an injunction, or the recovery of the $1,000.00. Because the right to the injunction is only reached by proving that the appellees were not legally elected to the corporate offices, the functions and duties of which they have been exercising. And so, too, if we attempt to uphold it solely on the ground that it seeks the recovery of a money judgment for the $1,000.00, the right so to recover can only be reached by proving that appellees were not legally elected to the corporate offices mentioned, and hence had no right to exercise the duties and enjoy the franchises of the corporation.

So the right to question the legality of the election of those officers, or the right to question their power and authority to exercise corporate functions, as we have seen, cannot be done without filing an information in the name of the State. And that was not done in this case.

It is true the allegation of the complaint essential to the right of the plaintiff to recover the money judgment, namely, that the defendants were not legally elected, is a negative allegation. It is, however, well settled that where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative. *City of New Albany* v. *Endres*, 143 Ind. 203, 204, and cases there cited. Therefore, there was no cause of action stated by the complaint, either for injunction or for a money judgment. Petition overruled.