## Young and Others *v.* The Board of Commissioners of Franklin County and Others.

BOUNTIES.—PARTIES.—In *September*, 1864, the Board of Commissioners of *Franklin* county passed an order appropriating $117,600 to procure volunteers to fill the quota of the county under the call for 500,000 soldiers, and directed the auditor of the county to issue warrants for that amount on the treasurer to raise the money appropriated. A bounty of $300 to each recruit credited to the county was authorized to be paid out of the sum appropriated. Suit by eighty-six persons against the county board, the auditor and treasurer, and certain other persons who set up a conflicting claim to the fund, to recover the sum of $25,800 of the amount appropriated. The complaint alleged that the plaintiffs, having already enlisted in the volunteer service of the *United States*, at the request of the county board, and of the citizens of the county, and in consideration that they should receive their *pro rata* share of said appropriation, agreed to be, and were, credited to the quota of said county.

*Held,* that the facts averred created a liability on the part of the county to issue to the plaintiffs the warrants provided for in the order of the board.

*Held,* also, that the complaint showed such a joint interest in a common fund as authorized the plaintiffs to join in the suit.

*Held,* also, that the defendants were all proper parties to a complete determination of the controversy.

APPEAL from the *Fayette* Common Pleas.

GREGORY, J.—*Edward Young* and eighty-five others filed their complaint in the *Franklin* Common Pleas against the Board of Commissioners of *Franklin* county, *Mathias M. Moore, John Burtenshaw* and *David H. Gavin,* the then acting commissioners of the latter county, and *Cyrus B. Bentley,* auditor of said county, *Benjamin H. West,* the treasurer, and *Jonathan Banes, Alfred Blackledge, John Beggs, Wieber F. Hazzard* and *John Vaughn.* The case was transferred by change of venue from the *Franklin* to the *Fayette* Common Pleas. The defendants filed separate demurrers to the complaint. The demurrers were sustained and final judgment rendered against the plaintiffs. The appellants assign this for error. The complaint is in two paragraphs. The material facts averred in the complaint are, that on the 27th of *September,* 1864, the Board of Commissioners of *Franklin* county made the following order:

"Ordered by the board, that as the quota of *Franklin* county under the recent order of the Executive of the *United States* for 500,000 men is 392, which said number are required to enter the military service of the *United States* for the maintenance of the constitution and laws passed in accordance therewith, both of the *United States* and of the State of *Indiana,* and to facilitate the filling up of said quota of *Franklin* county, either by volunteers or by substitutes, it is deemed best and ordered by said commissioners that the sum of $117,600 be, and is hereby, appropriated out of the treasury of said county of *Franklin* for the purposes hereinbefore set forth. And it is further ordered that the county auditor be, and he is hereby, authorized to issue

county orders for the aforesaid sum of $117,600; said orders to be of the denomination of not less than $25 nor to exceed the sum of $500, each payable from the revenue of said county, one-half the aforesaid $117,600 payable in sixteen months, the remainder in twenty-eight months from date, bearing six per cent. interest per annum. And it is further ordered, that the county auditor shall deliver said orders to the following named persons, who shall receipt to him therefor, to-wit: *Mathias M. Moore, Wilson Morrow* and *John B. Moorman,* who are hereby empowered and authorized to dispose of the said orders for no less sum than is specified therein. It is further ordered, that the aforesaid agents, *Moore, Morrow* and *Moorman,* be required to make settlement with the commissioners at their next regular session, making a complete statement of the amount of money and orders received and the amount disbursed, and to whom paid, with the amount paid to each individual or family, filing with such statement all necessary papers and vouchers for every item of expenditure. It is further ordered, that in case any person may have furnished a substitute under said call, and for which credit shall be or has been given to any township in said county, that such person shall be entitled to receive an amount of money out of the funds hereby appropriated equal to the amount paid for said substitute, provided that such sum shall not exceed $300. It is further ordered, that any person who has been or may be drafted to fill the quota herein mentioned, and who prefers to enter the service himself, shall be entitled to receive a sum not exceeding $300 of the funds hereby appropriated, or orders, as he may elect, as soon as evidence shall be procured to the effect that he is accepted and mustered into the service of the *United States;* provided, that such sum shall be paid to the family of such person so electing to serve in person. It is further ordered, that Messrs. *Moore, Morrow* and *Moorman,* agents aforementioned, be requested to proceed to such points as they may deem best to

procure men to enlist in the service as volunteers or substitutes, to be credited to *Franklin* county under said call, and they shall and are hereby empowered to make such arrangements for the procurement of men as shall be deemed by them best, and to pay to such recruits such sums as may be necessary in order to secure them; provided, that such sums shall not exceed $300 for each recruit mustered into the service of the *United States.*"

The complaint further alleges that, in order to raise said sums, the board of commissioners directed the county auditor to issue checks or orders drawn on the county treasury, in sums of not less than $25, nor to exceed $500, payable one-half in eighteen months and the other half in twenty-eight months, with interest from the date of the appropriation, and further directed that the orders or checks be sold at not less than par, and appointed *Moore, Moorman* and *Morrow* to sell and dispose of the orders, and that the proceeds thereof should be paid to the persons who filled the quota. That *Moore, Moorman* and *Morrow* refused to accept the trust, or in any way act in the matter. That, in order to reduce said quota and discharge the citizens of said county from the then impending draft, the plaintiffs consented and agreed, at the request of the defendants and the citizens of said county, to be credited to the various townships of said county to fill said quota, the plaintiffs having at the time volunteered as soldiers in the military service of the *United States*, and that they were credited by the acting assistant provost marshal general, and the provost marshal for the 4th district of *Indiana*, to said townships, and thereby filled said quota and discharged said county from the draft to the number of eighty-six men, in consideration that they were to have their *pro rata* share of said appropriation, to-wit, the sum of $25,800. That the appropriation was made as a bounty to the men who filled the quota. That the entire quota of 392 was filled, and that the men who filled the balance of the quota have received of the sum so appropriated $91,800, and that the balance,

to-wit, $25,800, is due the plaintiffs. That the defendants, *Banes*, *Blackledge*, *Beggs*, *Hazzard* and *Vaughn*, have·set up a claim to the money orders for the remaining part of the appropriation to which the plaintiffs are entitled, and have demanded of the county board and auditor, county orders for the same; and have actually procured of said auditor orders drawn on the county treasurer, and payable in eighteen and twenty-eight months, which are described in the complaint by amounts and numbers, amounting in the aggregate to $9,600. That the board of commissioners of said county, upon the refusal of *Moore*, *Moorman* and *Morrow* to act, have been issuing and delivering orders as provided without the intervention of trustees, and are ready and willing to issue orders similar to those already issued for the remaining part of the appropriation, but refuse to deliver the same to the plaintiffs until the pretended claim of the defendants, *Banes* and others, is determined. That the plaintiffs are willing and offer to accept orders drawn on the county treasury, as provided in the appropriation, for the sum due them, in full discharge of their claim.

It is urged that the complaint does not show a contract between the plaintiffs and the Board of Commissioners of *Franklin* county entitling the former to any portion of the fund appropriated by the latter. It is claimed that the appropriation is not an offer on the one side to be accepted by the other, thereby making a valid contract. We think the facts averred create an obligation on the part of the county of *Franklin* to issue to the plaintiffs the county orders contemplated in the order of the board of commissioners.

It is contended that the plaintiffs had not such an interest in a common fund as to enable them to join in an action to recover it. We think otherwise. The county orders were not to be issued in sums of $300 to be delivered to each recruit, but were to be sold through the intervention of trustees and the proceeds paid over to the recruit. Nine thousand six hundred dollars in county orders of the fund

had been wrongfully issued to a part of the defendants. A part of the defendants claim all the fund due the plaintiffs. Under the facts averred in the complaint we think the plaintiffs were properly joined in one action.

Another ground of demurrer is, that there are improper parties defendant. We think the defendants are all proper parties, under the code, to a complete relief. The court below erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrers to the complaint, and for further proceedings.

*W. Morrow, W. H. Hay* and *J. H. Farquhar,* for appellants. *N. Trusler* and *T. J. Trusler,* for appellees.