CHARLESTON AND SAVANNAH RAILWAY *vs.* JOHNSON *et al.*

1. A stream or water course running into the Savannah river, from seventy-five to two hundred feet in width and fourteen feet in depth, at a point where a bridge was placed across it, and in which the tide rises and falls three and a half feet, and which is open so as to allow free passage to all water craft running thereon, is a navigable stream, and the public have a right to free navigation thereon. If such a stream be obstructed, the obstruction is a nuisance, and may be abated at the instance of any person applying therefor.

2. A person erecting or causing such nuisance is not entitled to notice or demand to abate the same before action brought.

3. A court of equity has the power, under the allegations in the bill and facts shown on the trial, to grant the relief prayed for.

4. Directions given that the decree be modified so as to enjoin the plaintiff in error from placing or putting other obstructions over said stream than as they now exist.

December 1, 1884.

Water Courses. Nuisance. Equity. Practice in Supreme Court. Before Judge ADAMS. Chatham Superior Court. June Term, 1884.

Russell Johnson *et al.* brought their bill against the Charleston and Savannah Railway Company to enjoin the obstruction of a tide-water stream, called Knoxboro-Creek, which is a creek or lagoon running into the Savannah river, and to recover damages resulting therefrom. The bill alleged that complainants had a rice plantation on this creek; that their natural and only practicable way to and from Savannah was by boats, the only other alternative being to go by wagon road fourteen miles; that the defendant had built a bridge across the

creek between complainants' plantation and the river, and had driven piles into the water and connected them by horizontal beams near the water-line, thus preventing navigation; that the creek was a navigable stream, having an ebb and flow of tide of about three and one-half feet at the bridge. Damages to certain flat-boats and their cargoes, and certain other damages, were alleged as the result of this obstruction. [The court certified that he carefully excluded speculative damages.]

The defendant denied that this was a navigable creek, and alleged that it owned the land on both sides and the bottom of the creek; that a railroad bridge had been built there for more than twenty years, and had been owned and controlled by it and its predecessors without interruption; and that the only recent change made had been the placing of horizontal beams and props from pier to pier to strengthen the structure; that, while it denied that its bridge was a nuisance, it was willing to allow the passage of boats, as a matter of accommodation, and since the filing of the bill has removed one of the beams and props between two of the piers in the centre, thus leaving as wide a passway as had existed before they were put there; and that it had no notice of a desire to use the stream until this bill was brought. The right to recover damages was denied.

It is unnecessary to detail the evidence, except to state that the testimony for complainants showed the stream at the place where the bridge was to be about one hundred and twenty feet wide and twelve or fourteen feet deep at low water, with an ebb and flow of about three and one-half feet.

The jury found a special verdict to the effect that the stream was navigable; that defendant obstructed it, as charged in the bill; that it still unlawfully obstructed the creek by not removing the nuisance complained of from the other fifteen feet in the channel; and that complainants were entitled to recover $400.00 damages. A decree

was entered accordingly, enjoining the defendant from ob-
structing the stream in the manner found in the verdict,
and decreeing damages.

Defendant moved for a new trial, which was refused,
and it excepted.

CHISHOLM & ERWIN, for plaintiff in error.

JOHN M. GUERARD, for defendants.

BLANDFORD, Justice.

The defendants in error filed their bill against the plain-
tiff in error, in which they complained that plaintiff in
error had erected a bridge across a certain navigable stream
or water course running into the Savannah river, and by
the placing of a certain beam of wood over the stream had
impeded the free use and navigation of said water course.
They further alleged that, by reason of the obstructions
aforesaid, they had lost certain produce boats and flats; and
they prayed that plaintiff in error be enjoined from continu-
ing said nuisance, and that they be paid the loss which they
had sustained by reason of said nuisance. The jury found
all the issues submitted to them in favor of the complain-
ants in the bill, and defendant moved for a new trial on
many grounds, which was overruled by the court, and this
is assigned as error here.

The direction given to this case by the learned counsel
who have argued it makes it necessary for us to lay down
only a few rules of law which govern this case. It is shown
by the record that the stream of water alleged to have
been obstructed is from seventy-five to two hundred feet
wide; that it is fourteen feet deep where the bridge crosses
it; that the tide rises and falls three and one-half feet. It
also appears that the beam across the main channel was
taken away by plaintiff in error soon after the bill was
filed, but there remains a beam connecting two piers of
the bridge. It also appears, since the removal of the beam,

that the stream is open to navigation to such an extent as to allow free passage to all water craft running thereon. Such a stream of water as this is described to be is a navigable stream, and the public have the right to the free navigation thereof.

If such a stream be obstructed, such obstruction is a nuisance, and may be abated at the instance of any person applying therefor.

The person erecting or causing such nuisance is not entitled to notice and demand to abate the same before action brought. A court of equity has the power, under the allegation in the bill and facts shown on the trial, to. grant the relief prayed for.

We find no error in the reversal rulings and decisions of the court below, and the judgment is affirmed, with directions that the decree be modified so as to enjoin plaintiff in error from placing or putting any other obstructions over said stream than as they now exist.

Judgment affirmed.