## AMERICAN PLATE GLASS COMPANY *v.* NICOSON ET AL.

### [No. 4,530.    Filed February 24, 1905.]

1. PARTIES.—*Plaintiffs.*—*Nuisance.*—*Injunction.*—Where there are several plaintiffs in an action the complaint must show a cause of action in favor of each; that each has a common grievance; that the injuries complained of were committed at the same time by the same act, and that each is interested in the same relief or some part of it. p. 647.

2. SAME.—*Plaintiffs.*—*Husband and Wife.*—Where a wife owned real estate, and her husband owned and operated a stone-quarry on such real estate, they may both join in an action to restrain a defendant from erecting and maintaining a nuisance which injures both of them individually. p. 649.

3. INJUNCTION.—*Affirmative Wrongful Acts.*—*Demand.*—A previous demand to desist is not necessary in an action to restrain defendant from the commission of affirmative wrongful acts amounting to a nuisance and causing irreparable injury to plaintiffs. p. 649.

4. PLEADING. — *Complaint.* — *Injunction.* — *Injury.* — Where the complaint shows that defendant has obstructed a watercourse by depositing sand in its channel and by erecting dams, and that defendant is

American Plate Glass Co. *v.* Nicoson.

continuing such deposits, thereby causing the channel to be filled up several feet, when taken in connection with the allegations of injury, is sufficient as against the objection that the complaint does not show irreparable injury on account of such discharge of sand into such stream. p. 650.

5. PLEADING.—*Complaint.—Theory.—Briefs.*—The court on appeal may examine the briefs of counsel to aid in determining the theory of the complaint. p. 651.

6. INJUNCTION.—*Violation of Rights.—Adequate Remedy at Law.— Trespass.—Delay.*—A complaint for injunction must show a violation of plaintiff's rights; that there is no adequate remedy at law; that the acts complained of constitute more than a temporary trespass; that no unreasonable delay has occurred; that it is not to prevent a past injury and that it is not a "doubtful" case. p. 651.

7. SAME.—*Flowing Lands.—Complaint.*—Where an injunction is sought to prevent defendant from flowing plaintiffs' lands, the complaint should set out the nature of the land, in order that the court can determine the character of the injury. p. 653.

8. WATERS AND WATERCOURSES.—*Building Levees Along Banks.*—The owner of lands along a watercourse may build a levee along the bank of such stream, provided it does not interfere with the free flow of water in the full width of the channel. p. 653.

9. PLEADING. — *Conclusions.* — Probative facts and not conclusions should be alleged. p. 654.

10. WATERS AND WATERCOURSES.—*Obstructions.—Injunction.*—The owners of glass-works have no right to discharge sand into a watercourse to the serious injury of others. p. 654.

11. INJUNCTION.—*Injuries.*—To sustain an action for injunction the injury apprehended must be substantial and serious, and for which courts of law could furnish no adequate remedy. p. 654.

12. TRIAL.—*Special Findings.—Injunction.*—Where the special findings fail to show facts sufficient for injunctive relief as to one of the plaintiffs, a decree granting an injunction is erroneous. p. 656.

13. INJUNCTION.—*Temporary Interest.—Special Findings.*—Where the special findings showed that one plaintiff was the owner of the business of quarrying stone and that another owned the real estate, and such finding failed to show anything in reference to the terms of the plaintiff's interest in such quarry, such findings do not support a decree for injunction. p. 657.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by Lemuel C. Nicoson and wife against the American Plate Glass Company. From a decree for plaintiffs, defendant appeals. *Reversed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*F. A. Walker, F. P. Foster* and *J. A. May,* for appellees.

Myers, J.—This action was brought by appellees against the appellant in the court below to recover damages, and to have certain dams maintained by appellant across a certain watercourse known as Pipe creek declared a nuisance, and for their removal, and for injunctive relief against appellant to prevent it from depositing sand in said stream or obstructing the natural flow of water therein.

The complaint is in one paragraph. In substance it is averred that Nancy J. Nicoson is the owner of fifty acres of real estate in Madison county, Indiana, through which flows a watercourse known as Pipe creek, with a definite channel, bed, sides or banks, with flowing water therein throughout the entire year; that on the south side of said watercourse, and adjoining the same, there is a large amount of valuable building stone, and for the past ten years a quarry has been operated thereon; that said quarry is situated but a few feet above the bed of said watercourse, and can be operated without any inconvenience or expense on account of water when said creek flows at its original and natural level; that, to prevent the overflow of said quarry in times of high water, plaintiffs constructed a levee or embankment ten feet high, which levee was constructed more than five years ago, and has ever since been maintained by plaintiffs; that for the past ten years the appellee Lemuel C. Nicoson has conducted and operated said quarry; that a short distance north of said creek, and to the north and west of said quarry, is located a large manufacturing plant for the manufacture of plate glass, which plant is now, and has been for more than three years last past, operated by appellant; that said stream flows from the northeast to the southwest, and between said quarry and said plant; that the defendant in the manufacture of plate glass uses a large amount of sand, and in the conduct of its business it suffers and permits the refuse sand to

be deposited in the channel of said creek, whereby the same
has been filled up to a depth of several feet, and the creek
greatly narrowed, thereby raising the water above its natural
bed; that west of said stone quarry appellant maintains
three dams six feet high, composed of stone, timber, sand
and other material, and practically water-tight, and of suffi-
cient strength to hold the water in said creek to the full
height of said dam, and by reason thereof the water in said
stream is backed up for a distance of one mile above said
dam, and over and upon the lands of appellee Nancy J.
Nicoson, and around and against the levee and embank-
ments around said quarry; that appellees at the time of
building each of said dams warned defendant not to build
the same; that it would raise the water in said creek and
greatly damage plaintiffs in the use of said quarry, and
would be of great and irreparable injury to plaintiffs in the
use of the quarry and said lands. It is also averred that the
defendant is constructing two levees or embankments on its
side of said creek to prevent the water from said creek over-
flowing its land, thereby confining the water in the channel
of said creek and raising the water therein, endangering ap-
pellees' levees and embankments around said quarry; that,
by reason of the deposit of sand in and the dams across said
creek, the water has been raised above its natural level six
feet, and by reason thereof the lands of these appellees have
been and are flooded and overflowed with water from said
creek, as well as raising the water above the surface of the
land of said quarry, and on and around said levees to the
height of —— feet, and only by said levees is the water
from the said creek prevented from flowing into the said
quarry; that at the ordinary stage of the water in said creek,
when unobstructed by sand and dams as aforesaid, said
quarry was protected from overflow by its natural banks;
that said dams were constructed more than eighteen months
ago, and are maintained by appellant, and that appellant
is still depositing sand in said creek; that by reason of the

obstruction aforesaid the water is maintained by appellant around and against the embankment of appellees, a large amount of which percolates through and under said levee into said quarry, and to operate said quarry appellees are compelled at a great expense and damage to remove same by pumps, causing great difficulty and delay in removing the stone, and requiring an additional amount of labor to operate said quarry, and that, unless said dams are removed, the water from said creek will continue to percolate through and under said levees into said quarry, rendering it practically worthless, and the business of operating said quarry will be materially interfered with, and plaintiffs will be at a constant and increased expense on account thereof; that by reason thereof appellees aver damages; that the depositing of sand in said creek, and the maintenance of said dams, and the building of said levees by appellant materially interfere with the enjoyment of said property by the appellees, and will prevent the free use of said property, constituting a nuisance which they ask the court to abate, and, unless enjoined, appellant threatens to and will continue to maintain said dams, and continue to deposit sand in said creek, and construct and maintain the levees it has commenced to build, and each of them, to the irreparable injury of appellees. Appellees demand judgment for damages, etc.

The appellant vigorously attacks this complaint for want of sufficient facts, and insists that the complaint is not sufficient to withstand a demurrer, because of the improper joinder of parties, and a failure to aver the defendant was ever warned not to discharge sand into the stream, and that the pleading contained no independent averment that the discharge of sand into the stream by itself is working an injury irreparable or otherwise.

1. As to joining parties plaintiff under our code (§263 Burns 1901, §262 R. S. 1881), it may be said that the statute is to have a liberal construction, but nevertheless the

complaint must state a cause of action in favor of all the plaintiffs, and it must further appear that each of the plaintiffs has an interest in the subject of the action; that is, the grievance must be common to each, and the injury complained of, as in the case at bar, committed at the same time, by the same act, and that each party is interested in the same relief asked by the other or some part of it. When these facts are made to appear, a joinder of parties may be had, although their interest in the judgment may be unequal. *Armstrong* v. *Dunn* (1896), 143 Ind. 433; *Brumfield* v. *Drook* (1885), 101 Ind. 190; *Holzman* v. *Hibben* (1885), 100 Ind. 338; *Elliott* v. *Pontius* (1894), 136 Ind. 641; *First Nat. Bank* v. *Sarlls* (1891), 129 Ind. 201, 13 L. R. A. 481, 28 Am. St. 185; *Home Ins. Co.* v. *Gilman* (1887), 112 Ind. 7; *Town of Sullivan* v. *Phillips* (1887), 110 Ind. 320; *Young* v. *Board, etc.* (1865), 25 Ind. 295; *Tate* v. *Ohio, etc., R. Co.* (1858), 10 Ind. 174, 71 Am. Dec. 309; *Rowbotham* v. *Jones* (1890), 47 N. J. Eq. 337, 20 Atl. 731, 19 L. R. A. 663; *Demarest* v. *Hardhan* (1881), 34 N. J. Eq. 469; *Robinson* v. *Baugh* (1875), 31 Mich. 290; *Snyder* v. *Cabell* (1886), 29 W. Va. 48, 1 S. E. 241; 2 Beach, Injunctions, §1052; 1 High, Injunctions (3d ed.), §757.

In the case at bar, while it may appear that one of the appellees is the owner of the real estate, and the other operating and conducting a stone quarry partly situated on the same land, yet each is complaining of the same alleged nuisance caused by the same acts, and each is interested in the event of the suit, and the relief which may be granted to one also inures to the benefit of the other, and not to permit them to join in this action would be to violate a plain rule of equity pleading enabling all such parties to join as plaintiffs in order that the court may make a final order and thereby prevent a multiplicity of suits. *Town of Sullivan* v. *Phillips, supra.*

As stated in *First Nat. Bank* v. *Sarlls, supra:* "They

all claim one general right to be relieved from that which they insist is a nuisance, and which alike affects all of them. Their common danger and common interest in the relief sought authorize them to join in the action." Supporting the same rules, see *Fleming* v. *Mershon* (1873), 36 Iowa 413; *Marselis* v. *Morris, etc., Banking Co.* (1830), 1 N. J. Eq. 31; *Shepard* v. *Manhattan R. Co.* (1889), 117 N. Y. 442; Story, Eq. Plead., §72.

2.   It is true, as has been said by appellant, that the wife can not join the husband in an action where the remedy belongs to the husband, but it has been held that "a married woman may sue as sole plaintiff, under §255 Burns 1901, §254 R. S. 1881, where the action concerns her separate property, or her husband may be joined with her as her co-plaintiff." *City of New Albany* v. *Lines* (1899), 21 Ind. App. 380.   Under §255, *supra,* a married woman may sue as sole plaintiff where the action concerns her separate property, and, as the land is the sole property of Mrs. Nicoson, she might and could have maintained this action upon her own account.   There is conflict in the averments of the complaint as to whether or not appellees are jointly interested in the operation of the quarry.   If they are, it could not be successfully contended that they could not join in this action.   Assuming that the husband is the sole owner of the business of operating the stone-quarry, then he is affected only to the extent that his business is interfered with by the alleged nuisance; and if by the averments of the complaint the interference appears to be material and substantial, the appellees' right to join would not be tested by the fact that they are husband and wife, as each would have an individual grievance, for which they demand the same relief occasioned by the same acts charged to have been committed by appellant.   For the reasons stated, in our opinion, the parties plaintiff may properly join in this action.

3.   In the case at bar the alleged cause of action is based

upon alleged injuries resulting from affirmative acts taken and threatened to be committed by appellant. In such cases plaintiffs are not required, before beginning suit for an injunction, to demand the wrongdoer to desist from wrongful acts amounting to a nuisance and irreparable injury to the complainant. *Charleston, etc., Railway* v. *Johnson* (1884), 73 Ga. 306.

In *Dunsbach* v. *Hollister* (1888), 49 Hun 352, 2 N. Y. Supp. 94, affirmed in 132 N. Y. 602, 30 N. E. 1152, it was held that where the defendant creates a nuisance by conducting his business in such a manner as to do harm to people living in the neighborhood, it is not necessary to give him notice of the injuries caused by his business before bringing a suit against him for an injunction.

The appellant here, in the discharge of sand into the channel of Pipe creek in such quantities as materially to raise the bed of that stream to such an extent that appellees' land was on that account overflowed and caused to remain under water, although such effect was produced by appellant in the legitimate conduct and operation of his business, and if to the irreparable injury of the appellees, both as to land and the operation of the quarry, under the above authorities, was not entitled to notice or demand on the part of appellees before the institution of this action.

4.    Appellant further insists that there is no "independent averment in the complaint that the discharge of sand into the stream, by itself, is working an injury irreparable or otherwise." The complaint avers that the water in the creek is obstructed by depositing sand in its channel and by dams, and that "said sand has been during all of said time, and is now being, deposited in said stream, causing said water to rise and stand at such height around and along the levees and embankments around said quarry." It is also averred "that the natural channel of the stream near and adjoining the land of appellee Mrs. Nicoson has been filled to the depth of several feet, as well as the channel of

said creek greatly narrowed by the deposit of sand along the banks and sides thereof." In our opinion, the facts averred in this particular, taken in connection with all the other facts averred, are sufficient.

As to the question of the complaint stating facts sufficient as to both of the plaintiffs to withstand a demurrer, we have had no little concern.

5. The court, upon appeal, may be assisted in determining the theory of a complaint by the record and briefs of counsel upon both sides. *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427.

6. Construing the complaint under the above rule, we are informed that its theory is to have the dams, as maintained, and the depositing of sand in Pipe creek by appellant declared a nuisance, and that appellant be enjoined from placing dams or depositing sand in said creek so as to obstruct the natural flow of water along the land of appellee Nancy J. Nicoson. "Where a complaint shows a right to some relief, it will repel a demurrer." *Thomas* v. *Irwin* (1883), 90 Ind. 557. It is not every injury committed and continued, or threatened, which will call into action the extraordinary powers of the court. While such injuries may be sufficient to support an action for damages, yet it can not be said, because of that fact alone, the party is entitled to injunctive relief. *Cairo, etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278, 38 Am. Rep. 139.

This being an action invoking the extraordinary powers of the court, the complaint must, in a plain and concise statement, aver such facts as will appeal to the conscience and discretion of the court that there is something more than a mere violation of plaintiff's rights, that there is no complete or adequate remedy at law, that it is not merely a transient trespass, that there has been no unreasonable delay under all the circumstances in the application for relief, that it is not to prevent a past injury, that it is not a doubtful case, but "the facts which are relied upon ought

to be so weighty, so material, and so serious and important in character as to leave no doubt that they do create an actionable nuisance, or the injunction should be denied. * * * Courts interfere by injunction against establishments such as mills and manufactories, with great caution, and only in cases where the facts are weighty and important, and the injury complained of is of a serious and permanent character. * * * The right to enjoy property is as much a matter of legal concern as the property itself." An injunction may be granted to prevent a multiplicity of actions, although the wrongful acts may be pecuniary only. *Owen* v. *Phillips* (1881), 73 Ind. 284.

This court, in the case of *Miller* v. *Bowers* (1902), 30 Ind. App. 116, quotes with approval from *Watson* v. *Sutherland* (1866), 5 Wall. 74, 18 L. Ed. 580: "If the remedy at law is sufficient, equity can not give relief, 'but it is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.'" Citing many authorities.

This court again, in the case of *Hart* v. *Hildebrandt* (1903), 30 Ind. App. 415, said: "To authorize a court of equity to interpose by injunction, there must be something more than merely a violation of the plaintiff's right; it must appear that this violation is of such a nature as is or will be attended with substantial and serious damage."

High, in his work on Injunctions (3d ed.), §34, says that, "while it is not essential that complainant should establish his case upon an application for an interlocutory injunction with the same degree of certainty that would be required upon the final hearing, he must nevertheless allege positively the facts constituting his grounds for relief. Thus, it is well established that the mere allegation of irreparable injury will not suffice to warrant an injunction, but the facts must appear on which the allegation is predicated in order that the court may be satisfied as to the nature of the injury,

Nor will merely argumentative allegations, or inferences from the facts stated, suffice to meet the requirements of the rule." Where a party seeks injunctive relief he must plead probative facts and not conclusions. This is "because of the harshness of the remedy by injunction, strict adherence to this rule of pleading is required in a suit for an injunction." 10 Ency. Pl. and Pr., p. 926.

7. Referring again to the complaint, it is averred that, by reason of the obstructions placed in and maintained by appellant in said creek, water is caused to flow back, over and upon the lands of the appellee Nancy J. Nicoson, and around and against the levees and embankments which surround the quarry located on her land. There is no allegation in the complaint from which the court can even infer the character of the land overflowed, or to what extent, nor can the court say that this land is not low, wet, boggy and unsuitable for any purpose, or in any manner productive, nor does it appear that it can be drained and made suitable for agricultural or other purposes. In fact, there are no averments from which the court can say that, by reason of the acts complained of, they are of such a nature as is or will be attended with substantial and serious damage. The allegations of her complaint do not show any serious, or in fact any, injury to the levees or embankments around said quarry.

8. It is averred that, if appellant is permitted to build and construct levees on its side of said creek, the water will thereby be kept in the channel of said creek, and from that cause the levees and embankments constructed by appellees around said quarry will be endangered. In our opinion, appellant is not prohibited from constructing such levees and embankments upon his own land, and outside of the channel of the creek, which will protect its land from overflow, providing it does not in any manner interfere with the free flow of the water in the full width of the channel. *Blaine* v. *Brady* (1885), 64 Md. 373, 1 Atl. 609. In the

case last cited, an injunction was refused where it was sought to enjoin a party from building an embankment on his own land; for one reason, because the complaint did not state how often the stream overflowed. The complaint avers that by reason of the bed of the creek being raised, as stated in the complaint, water is caused to percolate through the levee and embankment of appellants, and into the stone quarry in large quantities, requiring the use of pumps to remove it therefrom; that plaintiffs have suffered "great and continued damage" by reason of the water so caused to percolate through the banks of the said quarry, causing additional expense and labor in the operation of the quarry.

9. In our opinion, these allegations consist too largely in conclusions. The probative facts should be stated, from which the court may determine for itself, from the facts averred, something as to the extent of the injury. There is no averment in the complaint to the effect that the appellee Mrs. Nicoson has received, or will be likely to receive, any less rent or royalty for the use of her quarry by reason of the alleged nuisance.

10. There can be no doubt that parties may be enjoined from depositing debris in a stream, thereby obstructing the flow of water therein, so as seriously to interfere with the rights of other riparian owners in the enjoyment of their lands; but where the acts of obstruction have taken place, the facts must be averred showing a continuing injury attended with substantial and serious damage. "The mere diminution of the value of property by the nuisance, without irreparable mischief, will not furnish any foundation for equitable relief." *Laney* v. *Jasper* (1865), 39 Ill. 46; *Bassett* v. *Salisbury Mfg. Co.* (1867), 47 N. H. 426; *Parker* v. *Winnipiseogee, etc., Woollen Co.* (1862), 2 Black (U. S.) 545, 17 L. Ed. 333.

11. In the case of *Bassett* v. *Salisbury Mfg. Co.*, *supra*, the court said: "It is not enough that an injury merely nominal or theoretical is apprehended, even although an

action at law might be maintained for it; but to justify the interposition of this summary power, there must be cause to fear substantial and serious damage, for which courts of law could furnish no adequate remedy.    What injuries shall be regarded as irreparable at law must depend upon the circumstances of the particular case.    If the injury. be trivial, as by slightly darkening a neighbor's windows, or raising the water of a river a few inches upon his rocky shore, doing him no appreciable or serious damage, equity would not ordinarily interfere by injunction; even in cases where the right had been established at law, for the power is extraordinary in its character, and is to be exercised in general only in cases of necessity, and when the court can see that other remedies are inadequate to do justice between the parties; and even then it is to be exercised with great care and discretion;" and quoting with approval from *Bigelow* v. *Hartford Bridge Co.* (1842), 14 Conn. 565, 36 Am. Dec. 502, "it was held that to authorize an interference by injunction there must be not only a violation of the plaintiff's rights, but such a violation as is, or will be, attended with substantial and serious damage, and not merely a technical or inconsequential injury, even although an action at law might be maintained for it; and therefore the court refused to restrain the building of a causeway that would cause the water of Connecticut river to rise more rapidly and higher on plaintiff's land than it otherwise would, it not appearing that it would materially affect the productions or injure the buildings."

The defendant is entitled to be distinctly informed of the nature of the case he is to meet, and the bill must invariably set forth a case which comes under some head of equity jurisprudence, and show a proper cause for the interposition of the court of chancery.    10 Ency. Pl. and Pr., p. 940, note 1.

Section 401 Burns 1901, §398 R. S. 1881, provides that "the court must, in every stage of the action, disregard any

error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect."

Section 670 Burns 1901, §658 R. S. 1881, provides that "no judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, * * * nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Elliott, in his work on Appellate Procedure, §640, in speaking of this latter section, says: "Where the defect is one of substance and not of form the statutory provision does not apply." Citing many Indiana cases. As the averments of the complaint do not state facts justifying the conclusion of irreparable injury, or that the alleged violation of appellant "is of such a nature as is, or will be, attended with substantial and serious damage," these omissions, in our opinion, go to the very substance of the cause of action, and are such defects as affect the substantial rights of the adverse party. Without proof of such facts a judgment would be erroneous. This being a complaint for injunction, it must be good on that theory. *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427.

It is said in *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239: "Where a demurrer to a complaint is overruled, the complaint must stand or fall upon its own merits," and again in *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89: "In such a case, the ruling must stand or fall upon its own merits. The evidence, or the result reached, can not be considered in determining whether the complaint was sufficient."

12. If it may be said that the sections of the code above referred to would permit us to hold that the overruling of

the demurrer to the complaint was harmless, for the reason that the facts specially found by the court cured the defects in the complaint as to Mrs. Nicoson—a proposition to which we can not agree—yet the complaint must be further tested by the same rules and decisions as to the cause of action stated on the part of appellee Lemuel C. Nicoson. It is averred that he has conducted and is conducting the business of operating a stone quarry on the land of his co-appellee, and alleging general damages.

13. By referring to the special finding of facts, it appears that the appellee Lemuel C. Nicoson is not the owner of any part of the real estate on which the stone quarry is located, but there is a general finding that he is the owner of "the business of quarrying stone on the said real estate and the right to quarry thereon." It also appears from the special findings that the appellee Nancy J. Nicoson is in no way connected with or interested in the business of quarrying stone. The finding does not show for what length of time the right of the appellee Lemuel C. Nicoson extends; whether it is based upon a contract with the owner of the land which has expired or is about to expire, or that it is perpetual, or extends for a week or month or years. It has been held by this court that we can not look to and review the evidence for the purpose of reviewing the action of the court upon a demurrer to the complaint, for the reason that, "because there was evidence tending to prove a material fact not in issue, therefore the merits of a case involving the decision of that fact was fairly determined." *Dill* v. *Mumford* (1898), 19 Ind. App. 609.

In cases of this character no presumptions are indulged in favor of the pleader. It can not be said that, because he is operating a stone quarry upon his wife's land, this fact shall be taken as a presumption in his favor, or that joining her with him in this action will give him any rights which would not be given to a person not thus related. Could

it reasonably be said that one who holds a right or temporary interest in real estate, which is about to terminate, would have such a substantial interest therein that the law could not give a complete and adequate remedy? There might be such cases, but this is not one of them. *Brande* v. *Grace* (1891), 154 Mass. 210, 31 N. E. 633; *Morris, etc., Banking Co.* v. *Central R. Co.* (1863), 16 N. J. Eq. 419; *Outcalt* v. *Disborough* (1835), 3 N. J. Eq. 214.

In our opinion, the court erred in not sustaining appellant's demurrer to the complaint.

Judgment reversed, with instructions to the court below to sustain the demurrer to the complaint, and with leave to the plaintiffs to amend.