PRUDENTIAL CASUALTY COMPANY *v.* STATE OF
INDIANA ET AL.

[No. 23,682.   Filed April 29, 1924.]

1. TAXATION. — *Prosecuting   Attorney   Collecting.* — *Statutory Methods Must be Followed.*—*Statute.*—Where a prosecuting attorney undertook to collect delinquent taxes under the provisions of §10324 Burns 1914, he was bound to follow the method prescribed therein.   p. 547.

2. STATUTES.—*Statutory Proceeding.*—*Limited to Cases Mentioned in Statute.*—A statutory proceeding or remedy is confined to the cases specified in the statute and extends to no other.   p. 547.

3. TAXATION.—*Officers Collecting.*—*Method Provided Exclusive.* —*State not Bound by.*—Officers charged with the duty of collecting delinquent taxes are limited to the procedure outlined in the statute, but such methods are not exclusive, except as to such officers, and the State is not restricted to such methods. p. 547.

4. TAXATION.—*Collection of Delinquent Taxes by Action.*— *Parties.*—In an action by the State to collect delinquent taxes which have been placed on the duplicate by a county auditor as unreturned property of the taxpayer, the State is the only necessary party, and it is not necessary to join any of the interested municipal subdivisions thereof as parties plaintiff. p. 548.

5. TAXATION.—*Collection of Delinquent Taxes by Action.*—*Unnecessary Parties.*—Although the State, as *parens patriae* for any and all the municipal subdivisions therein, may maintain an action for the collection of delinquent taxes due certain subdivisions thereof, the fact that such subdivisions are joined does not render the complaint insufficient nor defeat the action, when they have an interest in the same cause of action and in a part of the relief sought.   p. 548.

6. TAXATION.—*Taxes.*—*Personal Liability Against Owner.*— General taxes, as distinguished from assessments for local improvements, constitute a personal liability against the owner of the property upon which the assessment is made.   p. 550.

7. TAXATION.—*Collection of Delinquent Taxes.*—*State may Sue Delinquent.*—Taxes being a personal liability of the property owner, the State may maintain an action at law therefor, and is not restricted to the methods of collection prescribed by statute.   p. 550.

8. TAXATION.—*Placing Omitted Property on Tax Duplicate.*— *Prima Facie Valid.*—*Burden of Proof as to Validity of Pro-

*ceeding.*—Action of the county auditor in placing property on the tax duplicate as omitted property is valid on its face, and the burden of proving that it is not omitted property is on the party that challenges the act. p. 551.

9. TAXATION.—*Omitted Property Placed on Tax Duplicate.— Action Against Taxpayer.—Burden of Proof.*—In an action against a taxpayer to recover the taxes on property placed on the tax duplicate by the county auditor as omitted property, pursuant to the provisions of the tax law, all presumptions are in favor of the correctness of the proceedings of the auditor, and the defendant has the burden of showing that the property was not, in fact, *omitted* property, where the auditor's action was not challenged in the hearing before him or on appeal from his action. p. 551.

From Marion Circuit Court (27,940) ; *Louis B. Ewbank,* Judge.

Action by the State of Indiana and various municipal corporations against the Prudential Casualty Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Myers, Gates & Ralston,* for appellant.

*Ele Stansbury,* Attorney-General, *Albert Cottey, Emsley W. Johnson* and *Samuel Ashby,* for appellees.

GAUSE, J.—This is an action brought in the court below by the State of Indiana, city of Indianapolis, The School City of Indianapolis, The Board of Commissioners of Marion county, Indiana, Center township, in Marion county, Indiana, and John Castor, trustee of said township, against the Prudential Casualty Company to collect alleged delinquent taxes.

The complaint alleged that appellant was a resident of the city of Indianapolis, Center township and said county, and has owned personal property within said city, township and county on which taxes have accrued in the sum of $6,644.51; that said taxes are delinquent and have been regularly extended as delinquent taxes and appear upon the delinquent tax duplicates, and are now due, owing and unpaid and delinquent penalties

have accrued thereon in the sum of $1,063.12; that said taxes accrued while the appellant was a resident of said city and county, and that no part has been paid or tendered; that said taxes belong to and are due the State of Indiana as *parens patriae* for all the people of said state and to said plaintiffs, city of Indianapolis, The School City of Indianapolis and the Board of Commissioners of Marion county, as political subdivisions of said state entitled to share therein.

There was a demurrer filed to this complaint, challenging its sufficiency for want of facts, also on the grounds that the state did not have legal capacity to sue, and that there was a defect of parties plaintiff in that the Board of Park Commissioners and other municipal divisions, for which taxes are collected, were not joined. This demurrer was overruled.

The cause was put at issue by an answer, to which a reply was filed. There was a special finding of facts and it is not necessary to set out the pleadings in greater detail.

In view of our conclusion of the law governing this case, it will not be necessary to set out the special finding in full, but, for the purposes hereof, it may be stated that the court found:

That appellant was a corporation under the laws of Indiana; that for each of the years 1911, 1912, 1913 and 1914, the appellant made sworn statements to the county assessor of Marion county, Indiana, showing the capital stock of the company outstanding and its other indebtedness, and the value of the personal property in the State of Indiana, owned by it on March 1, of each of said years, said statements being made under §10233 Burns 1914, Acts 1903 p. 49; that appellant also made sworn returns of its property for taxation to the assessor of Center township in said county for each of said years, as provided by §10202 Burns 1914, Acts

1903 p. 49. The items of each of said statements are set out in said finding, but we do not deem it necessary to quote the same here.

The court further found that all of said statements were returned to the county auditor and by him laid before the county board of review in each of said years, and said Board reviewed said returns and assessed the appellant as follows: For the year 1911, $150,000; for the year 1912, $167,110; for the year 1913, $180,000; for the year 1914, $183,870; that the taxes on the above valuation were paid by appellant.

That in the year 1911, 1912, 1913 and 1914, appellant had on deposit in various banks and trust companies in Center township in said county, the following sums: 1911, $36,000.00; 1912, $109,997.27; 1913, $93,583.62; 1914, $82,429.32. That appellant held certificates of deposit for the same and said certificates of deposit were not returned by the Prudential Casualty Company to the township assessor of Center township for the said several years.

That the rate of taxation for each said year in said Center township was as follows: 1911, $2.12; 1912, $2.19; 1913, $2.36; 1914, $2.38.

Said finding then sets out proceedings had and steps taken by the county auditor pursuant to §10310 Burns 1914, Acts 1897 p. 141, to correct the tax duplicate and place thereon certain property belonging to appellant, as omitted property. The property was described as money, money loaned and credits which had been omitted from the tax duplicate and not listed and assessed for taxation, in the following amounts: For the year 1911, moneys loaned and credits, $81,000; rate $2.12; taxes $1,717.20. For the year 1912, moneys, moneys loaned and credits, $82,300; rate $2.19; taxes $1,802.37. For the year 1913, moneys, moneys loaned and credits,

$70,190; rate $2.30; taxes $1,656.48. For the year 1914, moneys, moneys loaned and credits, $61,700; rate $2.38; taxes $1,468.46. And said auditor assessed said property as omitted property which had unjustly escaped taxation and added said omitted property to said tax duplicate. The finding then sets out facts showing that due notice of the action of said auditor was given as provided by the statute.

The court further found that no part of the taxes so added to the tax duplicate had been paid, and that no appeal had been taken from the action of said auditor, as authorized by said statute.

Upon these findings, the court stated as its conclusions of law that the plaintiffs were entitled to recover of the defendant the sum of $5,690.51 as taxes; the sum of $910.48 as penalties; the sum of $660.09 as interest, and the costs. The appellant excepted to each conclusion of law.

The appellant then filed a motion for a new trial alleging that the damages assessed were excessive and that the court erred in the amount of the recovery in that the same is too large.

There is no point made or question raised in appellant's brief regarding the amount of the judgment.

The grounds upon which appellant seeks a reversal may be summarized as follows: 1. That neither of appellees had the right to maintain this action, and that the prosecuting attorney is the only one who could maintain it. 2. That there was a defect of parties in that the Board of Park Commissioners, the Board of School Commissioners, the Police, the Firemen's and the Teachers' Pension Funds are interested and necessary parties. 3. That all the plaintiffs were not united in interest and, for that reason, the action must fail. 4. That a personal action for the recovery of taxes cannot be maintained. That a tax assessment is an assessment

*in rem* and the statutory method for the collection of taxes must be followed. 5. That the finding is not sufficient because there is no express finding that the property in question was not in fact included in the return made to the county assessor, and that there is no finding that said property was not assessed by the Board of Review. That said Board having assessed the property of appellant and no appeal having been taken from such assessment, the same is final.

As to the first point, namely, that the prosecuting attorney was the only one who could maintain this action, appellant relies upon §10324 Burns 1914, Acts 1-3. 1903 p. 49: A reading of this section will disclose that it only applies to a case where, after diligent search, the county treasurer is unable to find any personal property in the county belonging to the delinquent and a return to that effect has been made, in which event, the treasurer, if he have reason to believe that such delinquent has money, effects or other property in his possession, or on deposit, that can be reached by any remedy known to law, shall make known such facts to the prosecuting attorney, "who shall cause such proceedings to be brought as will secure the payment of such delinquency", etc. This statute, by its terms, only applies to a case coming within its provisions. Of course, if the prosecuting attorney, in pursuance to said statute, undertakes to collect such taxes, he is bound by the provisions thereof, and this is the effect of the holding in the case of *West* v. *State, ex rel.* (1907), 168 Ind. 77, cited by appellant. This is true because a statutory proceeding or remedy is confined to the very case provided for and extends to no other.

The prosecuting attorney can only act in the particular way and in the kind of a case the statute authorizes, in collecting taxes. The same is true as to other officers

charged by the statute with the duty of collecting taxes. They are bound by the method set out for them by the statute; but, as we shall hereafter point out in discussing the question as to whether a personal action can be brought to recover taxes, the methods prescribed by statute for the collection of taxes by certain officers are not exclusive, except as to such officers, and the body politic is not restricted to such methods.

The second and third contentions of appellant set out above, namely, that some municipal subdivisions interested in the taxes were not made parties and that 4. the plaintiffs were not united in interest, so that a joinder of them was fatal, may be considered together. As we view the law, the state was the only necessary party, and it was not necessary to join any of the other municipal subdivisions. The state occupies the position of *parens patriae* or universal trustee for all the municipal subdivisions of the state. *Dollar Savings Bank* v. *United States* (1874), 19 Wall. 227, 22 L. Ed. 80; Burroughs, Taxation §105. The various municipal subdivisions are agencies of the state and get their authority to levy taxes directly from the state.

The statute, §10343 Burns 1914, Acts 1909 p. 158, expressly recognizes that the state has a lien for all taxes for state, county, school, road, township and other purposes. The right of the state to maintain such an action as this is expressly recognized in the case of *Darnell* v. *State* (1910), 174 Ind. 143. See, also, *State* v. *Ohio Oil Co.* (1898), 150 Ind. 21. We are of the opinion that the state could maintain this suit.

The complaint alleged that the action was brought by the state as *parens patriae* and it was the only necessary party. But the fact that certain municipal 5. subdivisions were joined as plaintiffs does not render the complaint bad nor defeat the action. These other plaintiffs were not necessary parties,

neither were they improper parties. They have an interest in the same cause of action that is stated in behalf of the state. They are interested in a part of the relief asked. It is not necessary that their interests in the judgment be equal. *American Plate Glass Co.* v. *Nicoson* (1905), 34 Ind. App. 643.

This action was brought by the state as *parens patriae* or universal trustee for all the people and political bodies of the state that are interested, and the fact that some of the political bodies in whose behalf the action was prosecuted are joined, would not be a violation of the rule which requires that the complaint state a cause of action in favor of all the plaintiffs.

We will next direct our attention to what we have numbered as appellant's fourth contention, namely, that a personal action cannot be maintained for taxes; that they constitute an assessment *in rem* and the statutory method prescribed for their collection is exclusive.

In the case of *Darnell* v. *State, supra,* this court expressed the opinion that the state could maintain an action for the collection of delinquent taxes.

In the case of *Funk* v. *State, ex rel.* (1906), 166 Ind. 455, 457, it was stated that taxes constitute an obligation for which the person is liable.

In the case of *Mullikin* v. *Reeves, Treasurer* (1880), 71 Ind. 281, 284, it is held that taxes are a personal liability.

Sections 10157 and 10158 Burns 1914, Acts 1903 p. 49, make the person liable for the taxes assessed.

Section 10162 Burns 1914, Acts 1891 p. 199, recognizes the personal liability by making each partner personally liable for the taxes assessed against a partnership.

Sections 10343 and 10344 Burns 1914, Acts 1909 p. 158, Acts 1903 p. 49, recognize that the taxes are charged to, and are due from, the owner.

We think that it should be regarded as settled in this state that general taxes constitute a personal liability against the owner of the property upon which 6, 7. the assessment is based. Taxes, as distinguished from assessments for local improvements, are imposed on the person, rather than on the property, which is resorted to merely for the purpose of ascertaining the amount. *Rundell* v. *Lakey* (1869), 40 N. Y. 513; *Green* v. *Craft* (1854), 28 Miss. 70. The weight of authority is that where taxes are viewed as creating a personal liability, the state is not restricted to the methods of collection prescribed by statute, but may maintain an action at law therefor.

It is said by Burroughs on Taxation, §105, that, "A remedy is provided by statute for the enforcement of the tax by distress, and sale of goods of the tax-payer, and the rule of the common law is that when a statute creates a right and provides a particular remedy, it is exclusive of all common-law remedies. But this doctrine only applies to those to whom the statute is a rule of action. The king is not bound by statute unless expressly named, and it is well settled that so much of the prerogatives of the king as constitute him *parens patriae*, or universal trustee, vest under our system of government in the State or body politic. The reason of this rule ceasing, in the case of the State or United States, the rule itself ceases, and either debt or assumpsit may be sustained for taxes." *Dollar Savings Bank* v. *United States, supra; City of Dubuque* v. *Illinois, etc., R. Co.* (1874), 39 Iowa 56.

For cases holding that a personal action may be maintained for taxes and that the usual methods prescribed for their collection do not exclude the body politic from bringing an action therefor, see, *City of Oakland* v. *Whipple* (1870), 39 Cal. 112; *Philadelphia Association, etc.,* v. *Wood* (1861), 39 Pa. 73; *Perry County* v. *Selma,*

*etc., R. Co.* (1877), 58 Ala. 546; *Green* v. *Craft, supra; Webber Lumber Co.* v. *Shaw* (1905), 189 Mass. 366, 75 N. E. 640; *City of Henrietta* v. *Eustis* (1894), 87 Tex. 14, 26 S. W. 619; See note in 41 L. R. A. (N. S.) 734.

We are of the opinion that in this state a personal action may be brought to recover delinquent taxes.

In the support of appellant's last contention, the position is taken that the burden was upon the state in this case to prove that the property placed upon the 8, 9. duplicate as omitted property was, in fact, omitted property and had not been included within the assessment as made by the board of review. It is contended that the return made to the county assessor by appellant each year contained a statement of the amount of personal property owned by appellant, and that the presumption is that the certificates of deposit now claimed to have been omitted were included in such statements. These statements to the county assessor did not contain an itemized account of the property owned but assumed to state the aggregate amount. Appellant contends that the presumption would be that a full return was made and that the assessment as made by the board of review is final unless appealed from or set aside. The court found that the certificates of deposit were omitted from the statement made to the township assessor, in which the property of each taxpayer is required to be itemized. The court also found that this statement was placed before the board of review. It has been held that the power given to the auditor to place omitted property on the duplicate extends to the case of omitted property of a corporation. *Hunter Stone Co.* v. *Woodward* (1899), 152 Ind. 474. The special finding shows that the auditor, in pursuance to said authority, and in the manner as directed by the statute, placed this property on the duplicate as omitted property. The statute gives a right of appeal

to the property owner from such action of the auditor. The finding shows that no such appeal was taken. We have then a finding which shows that appellant had been assessed for omitted property in a manner expressly authorized by statute. This assessment was the basis of the action brought. The action of the auditor was valid upon its face. Appellant's contention is that the property was not, in fact, omitted property. If this is the fact, the burden was upon appellant to prove the same in this case where the auditor's action was not challenged in the hearing before him or on appeal from his action. As said by this court in the case of *Buck et al., Trustees,* v. *Miller, Treasurer* (1896), 147 Ind. 586, 599: "All the presumptions are in favor of the correctness of the proceedings of the auditor; and if, in fact, any of the chattels so placed upon the duplicate as omitted property were placed there wrongfully, such fact must be shown by those who call in question the regularity of the auditor's official acts."

In the case of *Parkison* v. *Thompson* (1905), 164 Ind. 609, 628, where it was contended, as in this case, that the property placed upon the duplicate by the auditor was not omitted property, but that the auditor had, in fact, increased or altered the valuation of property that had already been assessed, it was said: "It must be said, however, that in this case all presumptions are in favor of the correctness of the assessment made by the auditor, and these presumptions continue until the contrary is affirmatively shown by the evidence. If the auditor, instead of assessing omitted property, transcended his power by increasing the value of that which the assessor had placed upon property returned by appellee, then the burden is cast upon the latter to prove that fact in this action."

In view of the presumption in favor of the validity of the assessment as made by the auditor, which the find-

ing shows was made in conformity with the statute, and since there is no finding that the property was not omitted property and no other fact is found which would render the action of the auditor invalid, the result is a finding against appellant on this question. No facts being found which would invalidate the assessment made by the auditor, the state was entitled to recover the taxes due according to it.

Judgment affirmed.

·Ewbank, C. J., not participating.