STATE OF INDIANA *v.* HARDIN

[No. 17,660.  Filed December 4, 1947.]

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellant.

*Julian S. Sharpnach* of Sharpnach and Bigby, of Columbus, and *Herbert C. Jones,* of Shelbyville, for appellee.

DRAPER, C. J.—On October 25, 1939, a complaint was filed by "State of Indiana on the relation of Frank G. Thompson, Auditor of the State of Indiana" against the appellee, which sought to recover from him certain oil inspection fees alleged to be due the State.

A demurrer to the complaint was sustained, and on June 9, 1943, the complaint was so amended as to name the "State of Indiana" as plaintiff.

A demurrer was again filed and sustained, and judgment was rendered against the appellant "State of Indiana" upon its refusal to plead further. Error is assigned in the sustaining of that demurrer.

The complaint alleges that the appellee was engaged in business in the State of Indiana in the selling of kerosene, gasoline and other petroleum products which under the law were subject to inspection; that inspections were

made as required by law from July 4, 1935, to and including June 30, 1937, on account of which inspection's the appellee became and is indebted to the State of Indiana in the sum of $1,812.64.

We shall discuss the three particulars in which the complaint is asserted to be defective in the order in which they have been presented.

The appellee first insists that under Acts 1919, ch. 83, § 7, being § 35-2107, Burns' 1933, inspection fees are not collectible after the sale of the gasoline or kerosene; that the Act authorizing inspection fees provides only for a lien and penalty and not an action for collection; and that the State is limited to the enforcement of its lien, if any.

We cannot agree. The section imposes upon the appellee a personal liability to pay. The duty to pay gives rise to the debt. The debt will support an action for its recovery. The lien is imposed to make collection more certain and not to make collection more difficult. We can find nothing in the section that would support appellee's contention. See *Prudential Casualty Co.* v. *State* (1924), 194 Ind. 542, 143 N. E. 631.

The appellee next contends the State of Indiana is not authorized to bring this action.

By 1 R. S. 1852, ch. 7, § 2, being § 49-1702, Burns' 1933, the Auditor of State is authorized to institute and prosecute, in the name of the State, all proper suits for the recovery of debts due the State. By ch. 4, Acts 1933, (repealed by ch. 4, Acts 1941) eight executive, including administrative, departments of State were created, among them being the Department of Audit and Control, and the Governor was given discretion to assign and transfer to said departments such administrative powers and duties as he saw fit.

It is not claimed that the latter Act repealed the former, but the appellee insists the authority to bring this action was transferred to the Department of Audit and Control by the 1933 Act and the executive order issued pursuant thereto on April 15, 1933. The order provides in part, that:

> "It is further ordered by the Governor of the State of Indiana that the powers, duties and functions of the following named departments, bureaus, commissions, agencies, offices, and activities be and the same are hereby transferred and assigned to the Department of Audit and Control: . . . .
>
> "Oil Inspection:
>
> "All state governmental powers, functions and duties relative thereto, *as provided by Acts of the General Assembly*, as follows:

| Chapter | At Page | Of Act of |
|---------|---------|-----------|
| . . . | . . . | . . . |
| 83 | 450 | 1919; |

> and all acts amendatory thereof and/or supplemental thereto." (Our emphasis.)

The governmental powers, functions and duties transferred were those provided for by ch. 83 of the Acts of 1919. The right or duty to institute or prosecute an action for collection of inspection fees is not conferred or imposed upon any particular person or group of persons by that Act, and so such right or duty was not transferred or affected by the executive order, but remained with the auditor.

The debt was due the State of Indiana. The State was the real party in interest. There being no statute or effective executive order to the contrary, the cause of action could be brought and prosecuted in the name of the State of Indiana as plaintiff, with or without a relator. *The State, ex rel. Baldwin,*

*Att'y Gen'l* v. *The Ins. Co. of North America* (1888), 115 Ind. 257, 17 N. E. 574.

The appellee calls our attention to § 22 of ch. 4, Acts of 1933, as supportive of his position. The language there employed is indeed suggestive of the idea that, in some cases, it might be proper to bring and prosecute an action in the name of one of the above mentioned departments, and such may be the fact. It is, however, as above pointed out, not true in this case. Moreover, by its terms, the section limits itself to actions and proceedings pending at the time of transfer. In this case the transfer was made long before the suit was brought.

The appellee next insists the complaint is defective in that it does not allege the inspectors did what is required by the Act to be done in order to charge the defendant for inspection fees; it being the appellee's contention that the allegation of the complaint in that regard is a mere conclusion on the part of the pleader. The complaint alleges: "That said inspections were made pursuant to and as required by the law in force at the times herein referred to and that said inspection charges are in accordance with the fees therefor as fixed by said law." If this pleads a conclusion, it is still sufficient to withstand a demurrer. § 2-1005, Burns' 1946 Replacement.

Judgment reversed and cause remanded with instructions to overrule demurrer.

Hamilton, J., not participating.

NOTE.—Reported in 75 N. E. 2d 683.